295 So.2d 210 (1974)
Arnold J. HARRINGTON, Plaintiff and Appellee,
v.
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY et al., Defendants and Appellants.
No. 4567.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1974.
*211 Hall & Coltharp by L. H. Coltharp, Jr., DeRidder, for plaintiff-appellant.
John R. Stewart, Lake Charles, for defendant third-party plaintiff-appellant.
Plauché, Smith & Hebert by Reid K. Hebert, Lake Charles, for defendant-appellee.
Nathan A. Cormie, Lake Charles, for plaintiff-appellee.
Before CULPEPPER, MILLER and WATSON, JJ.
CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained when the Datsun pickup truck which he was driving was struck from the rear by a Pontiac automobile. Defendants are Richard R. Burroughs, driver of the Pontiac, and his alleged insurer, Alabama Farm Bureau Mutual Casualty Insurance Company. Alternatively named as a defendant is State Farm Mutual Automobile Insurance Company, which provided plaintiff with uninsured motorist coverages under separate policies on two automobiles owned by plaintiff. Recovery from State Farm is sought only in the event Alabama had no coverage.
The district judge found the accident was caused solely by the negligence of Burroughs. He awarded plaintiff damages for personal injuries in the sum of $6,692.01 and property damage in the sum of $900.
On the coverage issue, the trial judge held that the Alabama policy had expired before the accident and thus afforded no coverage to Burroughs. Hence, judgment was rendered against Burroughs and against State Farm under its uninsured motorist coverages. Burroughs and State Farm have appealed.
No issue is raised on appeal as to either the liability of Burroughs or the quantum of the award. The sole issues are: (1) Was the Alabama policy in effect at the time of the accident? (2) Alternatively, if Burroughs was an uninsured motorist, should the uninsured motorist coverages, under the two policies issued by State Farm, be stacked?
COVERAGE ISSUE
The accident occurred on September 17, 1971. Mr. and Mrs. Burroughs had carried automobile liability insurance with Alabama Farm since February of 1968. The policy had been either renewed or reinstated for several terms of either six months or three months as follows:
"February 17, 1968 to August 17, 1968 (initial term)
"August 17, 1968 to February 17, 1969 (renewed for 6 months)
"February 17, 1969 to August 17, 1969 (renewed for 6 months)
"September 5, 1969 to December 5, 1969 (reinstated for 3 months)
"December 5, 1969 to June 7, 1970 (renewed for 6 months)
"June 5, 1970 to December 5, 1970 (renewed for 6 months)
"December 5, 1970 to March 5, 1971 (renewed for 3 months)
"March 5, 1971 to June 5, 1971 (renewed for 3 months)
"June 5, 1971 to September 5, 1971 (renewed for 3 months)"
From the above, it is seen that the last renewal of Alabama's policy expired on September 5, 1971. Since there was no renewal or reinstatement after September 5, *212 1971, there was no coverage at the time of the accident on September 17, 1971.
Nevertheless, Burroughs and State Farm contend the Alabama policy should be held to cover the date of the accident. They make two general arguments as follows:
Their first argument is based largely on the testimony of Mr. Oswalt, a vice president of Alabama. He testified that Alabama liability policies had no provision for a grace period for late payment of premiums. However, their custom was that if payment was made by a current check, within ten days from the date of expiration of the policy, the company accepted the check and automatically renewed the policy with continuous coverage from the date of expiration until the next expiration date. But, if the premium payment was received by Alabama more than ten days after its due date, or if a post-dated check was received and dated more than ten days past the due date, the matter was referred to the Underwriting Department, which made a determination as to whether the payment would be accepted and the policy reinstated as of the date of the postdated check.
In the present case, the procedure described by Mr. Oswalt was not followed. When the policy expired on June 5, 1971, no payment was received by Alabama within ten days and, under the procedure described by Oswalt, the matter should have been referred to the Underwriting Department when the late premium arrived. Mr. Burroughs wrote a post-dated check, dated June 20, 1971, which was received by Alabama on about June 16, 1971. Through error, the clerk who handled the matter simply renewed the policy effective from June 5, 1971 to September 5, 1971, and did not refer the matter to the Underwriting Department.
Burroughs and State Farm contend that since Alabama Farm used this procedure, it was obligated when it received the check post-dated June 20, 1971 to reinstate coverage with an effective date of June 20, 1971 rather than renew the policy with continuous coverage from June 5, 1971 to September 5, 1971. They say that this departure from its usual procedure was not intentional and was simply a mistake which Alabama made in applying its own rules and regulations. They argue that Alabama should be the one to suffer for that mistake and not Burroughs, the policyholder.
The primary fallacy in this argument is that Alabama Farm had no obligation to reinstate the policy with a new effective date of June 20, 1971, the date of the post-dated check. The policy had lapsed by its own terms on June 5, 1971, and there was no grace period provided in the policy for late payment of premiums. Although it was the underwriting practice of Alabama Farm to consider reinstatement in these circumstances, it had no obligation to reinstate.
The second contention by Burroughs and State Farm is based on the principle of equitable estoppel. Mrs. Burroughs testified that she mailed a check to Alabama Farm on September 14, 1971, post-dated September 20, 1971. Mr. Oswalt testified that the check was not yet in Alabama's office on the day of the accident. The check was received by Alabama on or about September 20, 1971. By that time, Alabama had been advised of the accident. It refused to accept the September 20 check and refused to either renew or reinstate the policy.
It is the contention of Burroughs and State Farm that Alabama should be required to accept the post-dated check of September 20, 1971 and should provide continuous coverage for three months from September 5, 1971 to December 5, 1971. State Farm contends that because of a custom of Alabama in accepting late checks from Burroughs, Mr. Burroughs had relied on this custom to his detriment and Alabama is estopped to refuse to accept the last late premium payment.
*213 Initially, it is noted that neither Mr. Burroughs nor Mrs. Burroughs testified that they had been lulled into believing that Alabama Farm would accept a check post-dated more than ten days after the expiration date of the policy and provide continuous coverage on a renewal basis. And, they knew that the policy had expired on September 5, 1971.
Furthermore, the facts do not show a custom of automatic renewal where payments were more than ten days late. A review of the renewals shows that on six occasions when current dated checks were received within ten days of the expiration date, the policy was renewed without any interruption of coverage. There was one occasion, the check post-dated September 5, 1969, where Alabama Farm received a check post-dated more than ten days after the expiration date. On that occasion Alabama reinstated the policy with a new effective date of September 5, 1969, in accordance with the procedure described by Mr. Oswalt. There was only one occasion where the check was post-dated more than ten days after the expiration date and the policy was renewed with continuous coverage. That was when the check post-dated June 20, 1971 was received and, through error, the policy was renewed as of June 5, 1971.
The applicable rule is stated in Holloman v. Jefferson Standard Life Insurance Company, 188 So. 500 (La.App. 2d Cir. 1939) as follows:
"It is the uniform rule that no one act of the insurer, indicative of a purpose to waive the right to declare the policy forfeited, will establish a custom or fixed rule in that respect."
We conclude there is no coverage by Alabama Farm. Hence, State Farm is liable under its uninsured motorist coverage.
THE STACKING ISSUE
The plaintiff owned two automobiles on which he carried separate liability insurance policies with State Farm, each policy affording uninsured motorist protection in the sum of $5,000. Our jurisprudence is established that under these circumstances the uninsured motorist coverages are "stacked", Crenwelge v. State Farm Mutual Automobile Insurance Company, 277 So.2d 155 (La.App. 3rd Cir. 1973) and the authorities cited therein. State Farm argues that our decision in Crenwelge is erroneous. We reaffirm our holding in that case and find that stacking in the present matter is appropriate.
State Farm filed a third party demand against Burroughs, asking for judgment over against him. The district court maintained the third party demand. Of course, this part of the judgment is also affirmed.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant, State Farm Mutual Automobile Insurance Company.
Affirmed.