319 So.2d 846 (1975)
Jerry D. ARCENEAUX
v.
Albert D. BROUSSARD.
No. 10424.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
*847 Eugene A. Booth, Baton Rouge, for plaintiff-appellant.
Robert R. Rainer, Baton Rouge, for defendant-appellee Leatherby Ins. Co.
James E. Moore, Baton Rouge, for defendant-appellee Dairyland Ins. Co.
Before SARTAIN, COVINGTON and BARNETTE, JJ.
BARNETTE, Judge.
This is an appeal of a summary judgment. There is no genuine issue of material fact and none is contended. The only question is whether the judgment is correct as a matter of law.
In written reasons for judgment the trial judge properly stated the issue and said in pertinent part:
"This suit arises out of an accident wherein the motorcycle operated by Arceneaux was struck by a car driven by Mr. Broussard. Dairyland has been sued as the alleged insurer of the Broussard vehicle. It moved for a summary judgment in its favor on the grounds that there was no policy in effect on the day of the accident.
"Dairyland had issued a policy to Mrs. Lillie Broussard for the car that was involved in the accident. That policy was to be effective as of May 16, 1974, and it was to expire on July 16, 1974. The accident occurred on July 27, 1974.
*848 On July 2, 1974, Dairyland mailed to Mrs. Broussard and to its local agent an offer to renew the policy upon payment of the premium, and that offer noted that the policy would expire on July 16 if the premium was not paid. No payment was received until July 30, 1974, at which time Dairyland issued another policy to Mrs. Broussard under its `rewrite' offer for lapsed policies. Dairyland offered the affidavits of its local agent, Jay Modicut, Jr., and its Claims and Processing Manager, Thomas M. Lamb, to verify those facts.
"The plaintiff offered no affidavits in opposition to the motion, but a memorandum in opposition was filed. In that memorandum, and in oral argument, the plaintiff argued that a policy with a term of less than six months must either be renewed, or terminated by strict compliance with the provisions of R.S. 22:631.1 [22:636.1]. That statute puts forth certain requirements for the effective cancellation of automobile liability insurance policies. The plaintiff's argument is based upon the fact that in the subsection of that statute that defines `renewal' or `to renew', the following phrase is found: `. . .; provided, however, that any policy with a policy period or term of less than six months shall for the purpose of this Chapter be considered as if written for a policy period or term of six months.' R.S. 22:631.1 [22:636.1]. The meaning of that phrase is not clear from a reading of the entire statute, and its meaning has not yet been interpreted by the courts of this state.
"However, when dealing with policies with terms of six months or more, the courts have held that unless the policy itself requires some notice of the failure to renew because of non-payment of the premium, then no notice of cancellation is required by R.S. 22:636.1 when the premium is not paid because the policy simply expires. Auto Owners Insurance Company v. Feret [Freret] 280 So.2d 638 (La.App. 1st Cir. 1973), and Gros v. Comeaux, 288 So.2d 98 (La.App. 4th Cir. 1974). The reasoning behind the holdings in these cases is evident. There is no reason for the insurer to comply with the provisions of a cancellation statute if the policy is not being cancelled. Cancellation implies that a policy is being disrupted for some reason, and terminated prior to its anticipated termination date. When a policy expires from the running of its term, it is not being disrupted, but instead it is dying a natural death. When an insured purchases an insurance policy, he is or should be aware of the term of that policy. He has no right to expect that that policy will continue on in effect until he decides to pay another premium. He has no right to get something for nothing, and this is true no matter whether the policy is written for a period of less than six months or a period of six months or more. Therefore, the plaintiff's interpretation of R.S. 22:636.1 cannot be accepted.
"Assuming, however, for the sake of argument that the plaintiff is correct in his interpretation, the defendant is still entitled to a judgment in its favor. R.S. 22:636.1 provides that if a policy is being cancelled for nonpayment of the premium, only ten days notice of cancellation is necessary. In this case, the insurer mailed to the insured more than fourteen days prior to the day that the policy expired a notice that if a premium was not paid by July 16, 1974, the policy would expire. Clearly, that would suffice as a notice of cancellation. It would be unreasonably confusing to the insured if, in order to protect itself, the insurer included with its offer to renew a notice of cancellation. The notice it did send was intended to let the insured know that there would be no insurance coverage after July 16, 1974, unless a premium was paid for a new policy.
"No genuine issues of material fact are contested by the plaintiff or Dairyland, and the Court is of the opinion that Dairyland is entitled to judgment according *849 to law. Therefore, judgment was rendered in Open Court on February 24, 1975, in favor of Dairyland Insurance Company, granting its motion for summary judgment and dismissing the suit by the plaintiff, Jerry D. Arceneaux, as to this defendant. The plaintiff's rights against all other defendants are reserved."
The applicable law is LSA R.S. 22:636.1 which provides in pertinent part as follows:
"A. * * * * * *
"(5) `Renewal' or `to renew' means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; provided, however, that any policy with a policy period or term of less than six months shall for the purpose of this chapter be considered as if written for a policy period or term of six months.
* * * * * *
"B. A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons.
"(1) Nonpayment of premium; or
* * * * * *
"D. No notice of cancellation of a policy to which Subsections B or C applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given."
This is clearly not a situation which invokes the provisions of the statute relative to cancellation. Cancellation is, as the trial judge aptly defined, a "disruption" or "termination" of coverage and when initiated by the insurer requires that the notice prescribed by the statute be given. The insurer is under a duty of strict compliance in that situation. This is instead an expiration of the period for which the policy was written and the coverage contracted. The expiration was not because of a default or an act done by the insurer, but on the contrary the policy was allowed to expire by the insured after the insurer had timely notified the insured that it would expire on July 16, if not renewed by the payment of an additional premium. The insurer did not cancel.
It is significant that the insurer not only expressed its willingness to renew the coverage, but did do so July 30 when the insured belatedly availed herself of renewal privilege.
The appellant contends that policies written for a shorter term than six months are to be considered as if written for six months and that failure of payment of premium during that period imposes upon the insurer the duty to give the cancellation notice prescribed by the statute. This argument is based upon appellant's interpretation of the following portion of the above quoted statute:
"(5) * * *; provided, however that any policy with a policy period or term of less than six months shall for the purpose of this chapter be considered as if written for a policy period or term of six months."
We do not agree with this interpretation. The portion of section above quoted relates to "Renewal" of policies to extend the term of coverage and has nothing to do with "cancellation" which is treated in another section. The renewal is not automatic but can only be effected by timely payment of the renewal premium. To hold otherwise would be to completely ignore the statutory recognition of the validity of shorter than six month term policies.
*850 We hold, as did the trial judge that the policy in question expired under its own terms on July 16, 1974.
The judgment appealed is affirmed at appellant's cost.
Affirmed.