322 So.2d 842 (1975)
Flossie B. TAYLOR and Charles D. Heck, Jr., Plaintiffs-Appellants,
v.
MFA MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 12725.
Court of Appeal of Louisiana, Second Circuit.
November 6, 1975.
Rehearing Denied December 9, 1975.
Writ Granted January 30, 1976.
*843 Martin S. Sanders, Jr., Winnfield, for plaintiffs-appellants.
Watson, Murchison, Crews & Arthur by William P. Crews, Jr., Natchitoches, for defendant-appellee.
Before PRICE, HALL and BURGESS, JJ.
HALL, Judge.
Plaintiffs, Flossie B. Taylor and Charles D. Heck, Jr., her son, sued defendant, MFA Mutual Insurance Company, to recover insurance proceeds under the collision and medical payments provision of an automobile insurance policy issued by defendant to plaintiff Taylor. Plaintiffs alleged that the policy was in effect and provided coverage on April 6, 1974, when plaintiff Heck was involved in an accident. Defendant denied any liability under the policy on the ground that the policy had expired some three weeks before the accident for failure of plaintiff to pay the renewal premium. Plaintiffs argued that the policy was still in effect because defendant failed to give notice of its cancellation of the policy. The trial court found for the defendant, and plaintiffs have appealed. We reverse.
The facts of this case are relatively simple. Plaintiffs were the co-owners of a 1973 Ford Bronco. Taylor carried the automobile insurance in her name because the rates were lower for her than they would *844 have been for Heck, a young male driver. The policy originally issued by defendant was for a three-month period from September 6, 1973 to December 9, 1973. Plaintiff failed to pay her renewal premium prior to December 9, and defendant considered the policy coverage as lapsed. When plaintiff belatedly paid her renewal premium, defendant reinstated or renewed the policy for an additional three-month period from December 15, 1973 to March 15, 1974, in accordance with the policy provision concerning renewals which states that, subject to the consent of the company, the policy period shall be "for terms of such duration each thereafter as the required renewal premium is paid by the insured and received by the company on or before expiration of the current term."
During this second three-month period, the local insurance agent advised plaintiffs that the rates for the Bronco would have to be adjusted substantially to reflect the fact that the chief driver of the Bronco was Heck. The local agent and plaintiffs discussed the matter in the agent's office, at which time plaintiffs indicated that they could not pay the increased premium. There is no evidence that defendant sent any kind of notice of premium due, renewal premium due, lapse of policy, or otherwise, prior to March 15 or prior to the date of the accident on April 6.
The contract expiration date of March 15 passed without plaintiffs paying any renewal premium. Heck was involved in a one car accident on April 6, 1974. When contacted by plaintiffs concerning their claim under the insurance policy, defendant informed them that the policy had expired on March 15 for nonpayment of premium. Plaintiffs then filed this suit to recover proceeds under the collision and medical payments provisions of the policy.
On its face this appears to be a simple case of expiration of an insurance policy at the end of the policy term for failure of the insured to pay the renewal premium. If such were the case, plaintiffs would not be entitled to any sort of notice and defendant would be correct in its contention that it has no liability under the policy in question.
However, plaintiffs cite and rely on LSA-R.S. 22:636.1, subd. A(5), which provides that "any policy with a policy period or term of less than six months shall for the purpose of this chapter be considered as if written for a policy period or term of six months." Plaintiffs contend that this language means that the three month policy involved in this litigation must be considered as a six month policy. Therefore, it follows that the policy did not expire on March 15, 1974. Under plaintiffs' argument, it was incumbent on the insurance company to cancel the policy for nonpayment of premium if it no longer wished to provide coverage. LSA-R.S. 22:636.1, subd. D provides that no notice of cancellation on the ground of nonpayment of premium shall be effective unless the insured is given at least ten days written notice of cancellation. Defendant admits it gave no notice of cancellation because it considered the situation to be one of simple expiration rather than cancellation. Since there was no notice of cancellation, the plaintiffs argue the policy was in full force and effect on the date of the accident.
The issue before the court is whether the language from LSA-R.S. 22:636.1, subd. A(5) quoted above has the meaning which plaintiffs attribute to it.
Counsel have not cited to the court any cases considering the meaning of the language of the statute here in question, nor has our research revealed any. The only case involving a three month policy that this court discoverd is Harrington v. Alabama Farm Bureau Mutual Casualty Insurance Co., 295 So.2d 210 (La.App. 3d Cir. 1974). The insured in that case did not urge the applicability of LSA-R.S. 22:636.1, subd. A(5) and that court did not mention the statute.
Passed by the legislature in 1968, Revised Statutes 22:636.1 deals specifically *845 with the cancellation and renewal of automobile insurance policies. The meat of the statute is the notice provisions required in cases of cancellation and nonrenewal. The purpose of the notices required by the statute is to make the insured aware that his policy is being terminated and to afford him time to obtain other insurance protection. Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La. 1973).
The pertinent part of the statute for our purposes defines "renewal" and states:
"(5) `Renewal' or `to renew' means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; provided, however, that any policy with a policy period or term of less than six months shall for the purpose of this chapter be considered as if written for a policy period or term of six months. . . ." (Emphasis supplied)
Reading this language in the context of the definition of "renewal" and keeping the legislative purpose behind R.S. 22:636.1 in mind, we construe the statutory provision to mean that a policy with a term of less than six months is not to be considered in a renewal/nonrenewal context at the end of its three month contract term because the policy is deemed to be written for a six month period. Therefore, the "renewal" premium that falls due within the statutory six month term should be treated as an installment premium payment on the six month term.
The effect of the statutory provision as we construe it is to require an insurer who wishes to terminate coverage during the statutory six month policy period for any reason (including the failure of the insured to pay a "renewal" premium which fell within the six month period) to comply with the cancellation provisions of the statute. Apparently, the legislature felt there was a danger in writing a policy for a short period of time in that the insured might not be aware that his coverage had terminated. We believe the legislature intended that an insured under a policy written for a short term of less than six months should have the benefit of the cancellation provision of the statute so that he would have adequate notice and opportunity to procure other insurance protection.
The insurance policy involved in this case contains a provision which apparently reflects the insurance company's attempt to implement the statutory provisions in question in its insurance contract. The provision states:
"If this policy is written for a policy period of less than six months, the Company agrees that it will not refuse to renew except as of the expiration of a policy period which coincides with the end of a six months period commencing with its original effective date."
The insurance company could argue the statute only means that the company cannot refuse to renew a policy with a term of less than six months. It might contend it never refused to renew plaintiff's three month policy but to the contrary stood ready to provide coverage if plaintiff paid her renewal premium. Since she did not pay the renewal premium, the policy simply expired at the end of its three month term. No notice would be required because this would simply be a case of expiration and not one of cancellation.
This construction of the statute would effectively sidestep the purpose of the statutory provision because it does not require notice to the insured of termination of his insurance protection. Although the policy provision is not in direct conflict with the statutory provision, it fails to incorporate the full reach of the legislative intent behind the statute. A clause in an insurance contract may not vary or restrict *846 the effect of a statutory provision of the Insurance Code. LSA-R.S. 22:653. Accordingly, the policy provision in this case does not relieve defendant of its obligation under the statute to give notice of cancellation to plaintiff if it wishes to terminate coverage during the statutory six month policy period for nonpayment of premium.
To recapitulate, defendant issued plaintiff a policy for a three month period from December 15, 1973, to March 15, 1974. According to the statute, this three month policy must be considered as if written for a term of six months. Therefore, when plaintiff failed to pay her "renewal" premium on March 15 (three months after date of issuance), defendant had to comply with the cancellation provisions of the statute relative to cancellation for nonpayment of premium if it wished to terminate coverage under the policy. Since defendant admittedly gave no notice of cancellation, the policy was in effect on the date of the accident on April 6, 1974.
Having found liability under the policy, we now turn to the amount plaintiffs are entitled to recover. At trial the parties stipulated the Bronco had a value of $3300 immediately before the accident and the car had a salvage value of $750. Therefore, there should be judgment in favor of plaintiffs under the collision provision of the insurance policy in the amount of $2550.
Plaintiffs introduced medical bills of Heck totaling $922.40, to which defendant made no objection. Therefore, there should be judgment in favor of plaintiffs under the medical payments provision of the policy in the amount of $922.40.
Accordingly, and for the reasons assigned, it is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Flossie B. Taylor, and against defendant, MFA Mutual Insurance Company, in the amount of $2550, and in favor of plaintiff, Charles D. Heck, Jr., against MFA Mutual Insurance Company in the amount of $922.40, together with legal interest on said amounts from date of judicial demand until paid and for all costs of this proceeding, including the cost of appeal.
Reversed and rendered.
BURGESS, J., concurs with written reasons.
BURGESS, Judge (concurring).
I concur in the result reached by the majority of the panel hearing this appeal. However, I differ from the majority in the construction of R.S. 22:636.1, subd. A(5) by which they reach their result.
The pertinent part of the statute provides:
"(5) `Renewal' or `to renew' means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; provided, however, that any policy with a policy period or term of less than six months shall for the purpose of this chapter be considered as if written for a policy period or term of six months. . . ."
I interpret the statute to mean that an insurance company may write a policy initially for whatever term it desires. However, if it chooses to renew the policy for a term of less than six months, the renewal period will be considered as if written for six months. The statutory language in question is contained in the definition of "renewal". Therefore, I do not believe the legislature intended the provisions of R.S. 22:636.1, subd. A(5) to apply to the initial policy period.
Under my interpretation of the statute the renewal of plaintiff's policy on December 15 for a three month term must be considered as a renewal for a six month *847 period. Therefore, the policy was in effect on the date of the accident since that date fell within the statutory six month period and defendant failed to comply with the cancellation provisions of the statute relative to cancellation for nonpayment of premium.
Before BOLIN, PRICE, HALL, MARVIN and HEARD, JJ.
PER CURIAM.
In connection with defendant's application for rehearing, our attention has been called to Arceneaux v. Broussard, 319 So.2d 846 (La.App. 1st Cir. 1975), decided by the First Circuit on September 2, 1975, and published in the November 13, 1975 Southern Reporter Advance Sheet shortly after rendition of our opinion on November 6, 1975. In Arceneaux, the First Circuit reached a result squarely contrary to that reached in our opinion. In considering defendant's application for rehearing, this court, en banc, has carefully reviewed the First Circuit's well-written and reasoned opinion. We, nevertheless, adhere to the result reached by this court and, accordingly, deny the application for rehearing.
Rehearing denied.
PRICE, J., dissents from refusal to grant a rehearing and assigns written reasons.
PRICE, Judge (dissenting from the refusal to grant a rehearing):
After giving this matter further consideration on application for rehearing, I am of the opinion our prior decision is in error and should be set aside and reconsidered.
The Arceneaux v. Broussard case, 319 So.2d 846 (La.App. 1st Cir. 1975), cited in application for rehearing, set forth the proper interpretation of L.S.A.-R.S. 22:636.1.
Had the legislature intended to prohibit the issuance of automobile liability insurance policiees with a term of less than six months, it would have so provided direct language to this effect.
The effect of our decision is to extend the period of coverage to an insured who purchases a ninety-day policy and does not elect to renew by timely payment of the renewal premium for the period of time required for the insurer to give notice of cancellation. Such a result is unreasonable as the insurer would receive no premium for this extended period of coverage and the ultimate effect will probably deprive the public of these short term policies.
I respectfully dissent from the refusal to grant a rehearing.