334 So.2d 402 (1976)
Flossie B. TAYLOR and Charles D. Heck, Jr., Plaintiffs-Appellants-Respondents,
v.
MFA MUTUAL INSURANCE COMPANY, Defendant-Appellee-Relator.
No. 57332.
Supreme Court of Louisiana.
June 21, 1976.
*403 Lloyd E. Hennigan, Jr., Sanders & Hennigan, Winnfield, or plaintiffs-appellants-respondents.
Ronald E. Corkern, Jr., Watson, Murchison, Crews & Arthur, Natchitoches, for defendant-appellee-relator.
TATE, Justice.
The primary issue is whether by statute, La.R.S. 22:636.1 (1968; amended, 1972), an insurer which issues a short-term policy of three months is required to give notice before permitting such short-term coverage to expire by its own terms.
The defendant insurer (MFA Mutual) had issued the plaintiff Taylor an automobile policy for a term of three months. Shortly after the three months had expired, the co-plaintiff Heck was injured while driving the insured automobile. The plaintiffs sue for collision and medical benefits payments undoubtedly due under the policy, if in effect on the date of the accident.
The defendant insurer denies coverage upon the contention that, since the three months had expired, the policy was no longer in effect on the date of the accident.
The trial court agreed with the insurer's contention. The court of appeal reversed, holding that La.R.S. 22:636.1 required notice to the insured before expiration of such short-term coverage; it awarded judgment to the plaintiffs. 322 So.2d 842 (La. App. 2d Cir. 1975). We granted certiorari, 325 So.2d 604 (La.1976), primarily because, as recognized by the court of appeal, the decision is in conflict with the decision of another circuit on the same issue, Arceneaux v. Broussard, 319 So.2d 846 (La.App. 1st Cir. 1975).
The narrow issue before us concerns the construction of a provision in La.R.S. 22:636.1. This statutory section, enacted by Act 632 of 1968 and strengthened by Act 452 of 1974, generally requires notice before cancellation, Subsection B, or failure to renew, Subsection E, an automobile liability policy. It limits the grounds for cancellation of such a policy, Subsections B and C, and it provides somewhat strict time limits of advance notice, Subsection D, and notice-content, Subsections G and H, as a prerequisite to concellation of a policy.
The evident purpose of the legislation, as the court of appeal herein held, was to protect an insured and the public against unnoticed termination of automobile-liability coverage either through cancellation or nonrenewal. As the court held, La.App., 322 So.2d 842: "The meat of the statute is the notice provisions required in *404 cases of cancellation and nonrenewal. The purpose of the notices required by the statute is to make the insured aware that his policy is being terminated and to afford him time to obtain other insurance protection. Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La.1973)."
It is in this context that we must construe a proviso of the statute upon which the plaintiffs rely. Found within the definitions section, Subsection A of the statute, the proviso unambiguously states: "* * * any policy with a policy period or term of less than six months shall for the purpose of this chapter [i. e., the Insurance Code, which is chapter 1 of Title 22] be considered as if written for a policy period or term of six months * * *."
The present policy was issued for a term of three months, December 15, 1973 to March 15, 1974. Just before March 15, the named insured (Mrs. Taylor) became sick and went to the hospital, before she had resolved with her agent a dispute as to the amount of premium due for extending the coverage another three months.
The accident occurred on April 6, some three weeks after expiration of the three-month period. According to Mrs. Taylor, she immediately reported it to her insurance agent, assuming there was coverage because, on an earlier occasion, the policy had been reinstated immediately upon her payment of the premium several days after expiration of a three-month term.[1]
If the three-month policy issued to Mrs. Taylor expired by its own terms, without further notice, then coverage clearly ended on March 15, prior to the accident of April 6.
In our opinion, however, the court of appeal correctly held that, by the quoted unambiguous statutory proviso, the present three-month policy "shall be considered as if written for a term of six months." La. R.S. 22:636.1A(5) (Italics supplied). It thus did not automatically expire, by its own terms, at the conclusion of the three-month period provided by the policy without some further notice, as required by the statute, to the insured to bring home to her that her liability insurance coverage would terminate without payment on or before the last date of the three-month period.
In holding that the quoted proviso did not mean what it seems unambiguously to state, our brethren of the First Circuit in Arceneaux v. Broussard, La.App., 319 So. 2d 846, to some extent relied upon the placement of the proviso within the definition of "renewal" or "to renew".[2] The court stated, 319 So.2d 849:
"* * * The portion of section above quoted relates to `Renewal' of policies to extend the term of coverage and has nothing *405 to do with `cancellation' which is treated in another section. The renewal is not automatic but can only be effected by timely payment of the renewal premium. To hold otherwise would be to completely ignore the statutory recognition of the validity of shorter than six month term policies."
This conclusion overlooks the unambiguity of the provision, which also by its terms is made applicable for all purposes of the Insurance Code, not just renewal of policies. The conclusion further assumes that, under the interpretation we now adopt, three-month policies are invalidated. However, this interpretation of the statute does not invalidate policies issued for a term shorter than six months, but simply requires the insurer to properly notify the insured if it wishes to cancel coverage within the six month period.[3]
Nor do we find persuasive, in view of the unambiguity of the statutory provision, the defendant insurer's argument that the only intent reflected by it is to provide a period of guaranteed renewable insurance to the insured: "In other words, the insurer cannot elect not to renew the policy that is issued to the insured so as to terminate the period of desired coverage short of a six month period."
With regard to this contention, the court of appeal stated, 322 So.2d 845-6: "This construction of the statute would effectively sidestep the purpose of the statutory provision because it does not require notice to the insured of termination of his insurance protection. Although the policy provision is not in direct conflict with the statutory provision, it fails to incorporate the full reach of the legislative intent behind the statute. A clause in an insurance contract may not vary or restrict the effect of a statutory provision of the Insurance Code. LSA-R.S. 22:653. Accordingly, the policy provision in this case does not relieve defendant of its obligation under the statute to give notice of cancellation to plaintiff if it wishes to terminate coverage during the statutory six month policy period for nonpayment of premium."
In summary, we agree with the Second Circuit's conclusion in this case as to the intent of the proviso in La.R.S. 22:636.1 A(5) that policies issued for less than a six-month period shall for all purposes of the Insurance Code be considered as if written for a policy period of six months (see 322 So.2d 845):
"The effect of the statutory provision as we construe it is to require an insurer who wishes to terminate coverage during the statutory six month policy period for any reason (including the failure of the insured to pay a `renewal' premium which fell within the six month period) to comply with the cancellation provisions of the statute. *406 Apparently, the legislature felt there was a danger in writing a policy for a short period of time in that the insured might not be aware that his coverage had terminated. We believe the legislature intended that an insured under a policy written for a short term of less than six months should have the benefit of the cancellation provision of the statute so that he would have adequate notice and opportunity to procure other insurance protection."
The defendant also relies upon Anthony v. National Grange Mutual Insurance Co., 113 N.H. 486, 309 A.2d 919 (1973), in which the court, in interpreting a statute very similar to the Louisiana provision in question, held that insurance policies are not converted into the presumed term for the purposes there at issue. We find that authority unpersuasive in light of the strong legislative policy of Louisiana in favor of the notice to insureds before coverage is cancelled.
In Broadway v. All-Star Insurance Corporation, 285 So.2d 536, 539 (La.1973), this court stated that "the purpose of notice of cancellation is to make known to the insured that his policy is being terminated and to afford him sufficient time to obtain other insurance protection." This purpose behind requiring notice might easily be defeated, if we were to hold that statutory provisions requiring notice of cancellation and of faliure to renew did not apply to short-term polices such as the present. For then, by issuing short-term policies and claiming automatic expiration when the next short-term installment (i. e., denoted as a "renewal" premium) became due, the statutory requirements of notice before cancellation or non-renewal could be evaded.

Decree
For the foregoing reasons, therefore, we affirm the judgment of the court of appeal, at the cost of the defendant.
AFFIRMED.
NOTES
[1] The reinstated policy had actually been issued to her effective only on the date of the delayed payment, not effective on the date of expiration of the former coverage. Further, no issue is raised by the evidence that the term of the policy was not clearly indicated to end coverage March 15; and, without doubt, Mrs. Taylor was mistaken in her belief that the policy included a grace period of payment of the renewal premium.
[2] La.R.S. 22:636.1A(5) provides in full:

"(5) `Renewal' or `to renew' means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; provided, however, that any policy with a policy period or term of less than six months shall for the purpose of this chapter be considered as if written for a policy period or term of six months. In addition, any policy written for a term longer than one year or any policy with no fixed expiration date, shall for the purpose of this chapter, be considered as if written for successive policy periods or terms of one year, and such policy may be terminated at the expiration of any annual period upon giving twenty days notice of cancellation prior to such anniversary date, and such cancellation shall not be subject to any other provisions of this chapter." (Italics ours.)
[3] We do not reach the additional contention that, even if the present policy coverage could validly expire at the end of three months, the insurer is nevertheless required to give written notice to its policyholders at least twenty days in advance of its intention not to renew the policy. La.R.S. 22.636.1E. The note by the insurance agent (D-1) asking the insured to come by to discuss the premium is not such a notice.

Although notice not to renew is not required "in case of nonpayment of premium", La.R.S. 22:636.1E(2), all premiums in connection with the present coverage were fully paid at the inception of this policy. See La.R.S. 22:636.1A(6), definition of "Nonpayment of premium" as the "failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy, or any installment of such premium, whether the premium is payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit." (Italics ours.) In the present case, no premiums for the present coverage were not paid "when due", and there was no specific notice, as arguably required by Subsection E, that the present three-month coverage would not be renewed if the premiums for the next period were not paid ("when due") before expiration of the present period.