BOUTALL, Judge.
This is a case involving termination or expiration of an automobile liability insurance policy. Suit was brought in connection with an accident occurring on December 5, 1975, between Charles Ray and Rose Lacour, allegedly an insured of Associated Indemnity Corporation. A motion for summary judgment was brought and granted on the grounds that the policy of insurance in question expired on July 3,1975 and was never renewed.
That section of the policy at issue reads as follows:
“1. Policy Period, Territory. This policy applies only to accidents, occurrences and loss during the policy period while the automobile is within North America or any territory or possession of the United States of America, or is being transported between ports thereof. The policy period shall- be as shown in the declarations. Subject to the consent of the Company, the policy may be continued thereafter for successive policy periods of equal duration by payment of the required continuation premium to the Company on or before the effective date of each successive policy period. If such premium is not paid when due, the policy shall terminate as of that date and such date shall be the end of the policy period. Such premium shall be computed in accordance with the rates, premiums, rating plans and manual rules then, in use by the Company.”
The uncontested facts are these:
On January 3,1974, Associated Indemnity Corporation issued a policy of insurance to Rose Lacour which provided coverage until July 3, 1974 on the automobile in the accident referred to above. This policy was extended on two separate occasions by the payment of a continuation premium by Mrs. Lacour before the date of the expiration of the policy. On both occasions, the company mailed out continuation notices advising her that the policy would be continued only if this premium was timely paid.
No premium was paid by July 3, 1975 for the period spanning from that time until January 3, 1976. The suit brought by the appellant, Charles Ray, alleged that Mrs. Lacour was still insured by the appellee, Associated Indemnity, in December of 1975. The summary judgment in favor of defendant-appellee was granted on November 17, 1977 by the trial judge.
The one contested fact in this case deals with the mailing of a continuation notice by the appellee to Mrs. Lacour. Both sides filed affidavits: The appellee alleging that the notice had been mailed and the appellant alleging that Mrs. Lacour had received no notice. For the reasons assigned below, we find this disputed fact to be irrelevant to the determination of this case and, finding no contested issues of law or fact, affirm the granting of the motion for summary judgment.
Louisiana Revised Statute 22:636.1, in pertinent part, reads as follows:
“B. A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
“(1) Nonpayment of premium; or
“(2) The driver’s license or motor vehicle registration of the named insured or of any other operator who either resides in the same household or customarily operates an automobile insured under the policy has been under suspension or revocation during the policy period, or, if the policy is a renewal, during its policy period or the one hundred eighty days immediately preceding its effective date; or
“(3) Fraud or material misrepresentation in the presentation of a claim.
“This subsection shall not apply to non-renewal or to any policy or coverage which has been in effect less than sixty days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy. After an insurer has paid and satisfied an insured’s third *7 physical damage claim the modification of such insured’s automobile physical damage coverage by the inclusion of a deductible not exceeding fifty dollars shall not be deemed a cancellation of the coverage or of the policy.”

“E. No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew. This subsection shall not apply: (1) if the insurer has manifested its willingness to renew; or (2) in case of nonpayment of premium; provided that, notwithstanding the failure of an insurer to comply with this subsection, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies.”
Appellant argues that Section E. above provides for automatic renewal of a policy if neither of the two exceptions contained therein applies. Since neither section does apply, the argument continues, the company had to renew the policy. Therefore, appellant concludes that the failure of the company to renew, or cancel the policy under Section B., results in the continuation of the policy beyond the expiration date. We find that neither of these provisions applies in this case.
We deal here with a situation in which the policy simply expired by its terms. Further, the law does not require that notice be given by the insurer on a policy in which the period of coverage is 6 months. Section B. on cancellation does not apply since by its terms it is inapplicable in a non-renewal situation. See Section B. supra. Section E. deals only with a situation in which the insurer does not wish to renew. The insurer was willing to renew the policy, in this case, but no continuation payment was forthcoming from the insured. Section E. then has no bearing on a 6 month policy which expired by its own terms due to non-payment of the renewal premium.
Our attention has been drawn to the cases of Arceneaux v. Broussard, 319 So.2d 846 (La.App. 1st Cir. 1975) and Taylor v. MFA Mutual Insurance Company, 334 So.2d 402 (La.1976). We feel that these cases are not controlling of the issue at hand since the policies in those cases were of a duration of 3 months and our policy is for 6 months. Louisiana Revised Statute 22:636.1 A(5) makes a special exception for policies of less than 6 months, which the Supreme Court interpreted in Taylor to require a continuation notice when read in connection with Sections B. and E. above, thus overruling Arceneaux. Since our policy is for a 6 month time, Section 636.1 A(5) does not require a notice.
Section 22:636.1 A(5) reads as follows:
“(5) ‘Renewal’ or ‘to renew’ means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term; provided, however, that any policy with a policy period or term of less than six months shall for the purpose of this chapter be considered as if written for a policy period or term of six months. In addition, any policy written for a term longer than one year or any policy with no fixed expiration date, shall for the purpose of this chapter, be considered as if written for successive policy periods or terms of one year, and such policy may be terminated at the expiration of any annual period upon giving twenty days notice of cancellation prior to such anniversary date, and such cancellation shall not be subject to any other provisions of this chapter.”
By the express terms of this Statute, the requirement of notice which the Supreme Court in Taylor placed upon companies issuing policies for terms of less than 6 months, does not apply to policies in which the term is between 6 months and one year. An opposite interpretation would render the separation of these period classifications in this section superfluous. As stated by the Supreme Court in Taylor:
*8 «* * * * we agj.ee wjth the Second Circuit’s conclusion in this case as to the intent of the proviso in La.R.S. 22:636, 1A(5) that policies issued for less than a six-month period shall for all purposes of the Insurance Code be considered as if written for a policy period of six months (see 322 So.2d 845):
‘The effect of the statutory provision as we construe it is to require an insurer who wishes to terminate coverage during the statutory six month policy period for any reason (including the failure of the insured to pay a “renewal” premium which fell within the six month period) to comply with the cancellation provisions of the statute. Apparently, the legislature felt there was a danger in writing a policy for a short period of time in that the insured might not be aware that his coverage had terminated. We believe the legislature intended that an insured under a policy written for a short term of less than six months should have the benefit of the cancellation provision of the statute so that he would have adequate notice and opportunity to procure other insurance protection.’
This clearly takes our case out of the purview of the Taylor decision and is consistent with our interpretation of the Legislative intent as to policies which extend for a period of between 6 months and one year.
Since we find no genuine issue as to a material fact and the mover is entitled to judgment as a matter of law, the motion for summary judgment was properly granted in the court below. See Code of Civil Procedure Article 966. We, therefore, affirm the decision of the trial court, dismissing appellant’s suit.

AFFIRMED.