CIACCIO, Judge.
On the application of relator, American Bankers Insurance Group, we grant certiora-ri to consider whether the trial court erred in denying relator’s motion for summary judgment.
Plaintiffs, Beauregard and Isadora Thomas, purchased a home in New Orleans in March 1983. The original mortgage company, Maison Mortgage, was authorized to escrow funds to pay the annual taxes and insurance. Ml subsequent mortgage companies, including the present mortgage company, First Commercial, continued this practice.
As a result of an injury, Mr. Thomas was out of work for an extended period of time and made only partial mortgage and escrow payments to First Commercial as of the end of 1991. Prior to the expiration date of American Bankers’ 1991-92 policy on March 4, 1992, First Commercial decided it would *229 not renew the policy but instead informed the Thomases by letter that fire coverage would be placed with Minnehoma Insurance Company, which offered a cheaper annual premium. The Thomases made no premium payments to renew the 1991-92 policy with American Bankers and it expired on March 4, 1992.
On March 20, 1992 the Thomases’ residence was damaged by fire. The Thomases executed and submitted a sworn proof of loss statement to Minnehoma Insurance Company, and recovered the full policy limits according to the terms of the Minnehoma policy. The Thomases then filed suit against American Bankers, alleging that at the time of the fire they had in effect a policy of fire and hazard insurance with American Bankers and therefore should be able to recover under the policy.
On March 4, 1993, American Bankers filed a motion for summary judgment, arguing that the policy issued to the plaintiffs effective March 4, 1991 through March 4, 1992 expired under its own terms on March 4, 1992. In support of its motion, relator submitted the affidavit of June Morrison, a representative of First Commercial, which clearly established First Commercial’s decision to not renew the American Bankers’ policy for the period beginning on March 4, 1992, that the Thomases were fully advised of First Commercial’s decision not to renew, that the Thomases never paid a renewal premium to American Bankers and that the Thomases were never covered under any American Bankers policy on the date of the fire.
Alternatively, American Bankers argued in its motion for summary judgment that if there is an issue of fact as to whether the American Bankers’ policy was in effect on the date of the fire, the policy contains a provision which states that if the insurance coverage provided by American Bankers’ policy is also provided by other insurance, the American Bankers’ policy terminates as of the effective date of the other insurance. In light of this provision and as it undisputed that plaintiffs recovered their losses under the policy issued by Minnehoma Insurance Company, American Bankers argues that its policy terminated upon the effective date of the Minnehoma policy, March 4, 1992.
In opposition to American Bankers’ motion for summary judgment, the Thomases argued that a cancellation notice dated March 15, 1992, allowing them until March 27, 1992 to pay the renewal premium actually caused the American Bankers’ 1992-93 policy to become effective and remain in effect until March 27, 1992.
The trial court heard American Bankers’ motion for summary judgment. In denying the motion, the trial court in oral reasons stated there was a genuine issue of material fact as to whether the American Bankers’ policy was in effect. Subsequently, American Bankers filed a motion for reconsideration, submitting to the trial court that it did not address American Bankers’ alternative argument. The trial court denied the motion to reconsider. American Bankers now seeks review of the trial court’s judgment.
The 1991-92 policy issued by American Bankers to the Thomases expressly states that the policy period was from March 4, 1991 to March 4,1992. It is undisputed that American Bankers sent a notice to First Commercial, anticipating the renewal of the 1991-92 homegard policy and requesting payment of the premium for the renewal period. First Commercial’s affidavit and the deposition testimony of Mr. Thomas submitted on the motion for summary judgment clearly indicate that neither the Thomases nor First Commercial renewed or intended to renew the policy. The premium payment anticipated by American Bankers and required under the terms of the contract in order to renew it was never paid by the Thomases or First Commercial.
The exhibits submitted in support of the motion for summary judgment further show that the Thomases were fully aware of First Commercial’s decision to obtain a new insurance policy through Minnehoma Insurance Company. They also reflect that the Thom-ases executed a sworn proof of loss statement with Minnehoma stating that there was no other valid insurance covering their residence when they recovered the full policy limits under the Minnehoma policy.
*230 The Thomases argument that the notice of cancellation issued by American Bankers on March 15, 1992, allowing them additional time until March 27, 1992 to pay the renewal premium, acted to place the 1992-93 policy in effect is without merit.
La.R.S. 22:636 entitled “Cancellation by Insurer” provides in pertinent part:
“(l)(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than 20 days prior to the effective date of the cancellation except where termination of coverage is for non-payment of the premium.(Emphasis added).
“(4) Any policy may be cancelled by the Company at any time during the policy period for failure to pay any premium when due ... by mailing or delivering to the insured written notice stating when, not less than 10 days thereafter, such cancellation shall be effective.” (Emphasis added).
Under the statute the insured is only entitled to be notified of cancellation if cancellation is due to some reason other than non-payment of premium or if the policy is cancelled during the policy period. As no renewal premium was ever paid to American Bankers, the 1992-93 policy was never put into effect. Therefore, plaintiffs were not entitled to notice of cancellation.
This same argument was addressed in the case of Arceneaux v. Broussard, 319 So.2d 846 (La.App. 1st Cir.1975), wherein the court stated:
“There is no reason for the insurer to comply with the provisions of a cancellation statute if the policy is not being can-celled. Cancellation implies that a policy is being disrupted for some reason and terminated prior to its anticipated termination date. When a policy expires from the running of its terms, it is not being disrupted but instead dying a natural death. When an insured purchases an insurance policy, he is or should be aware of the terms of that policy. He has no right to expect that the policy will continue on in effect until he decides to pay another premium. He has no right to get something for nothing, and this is true no matter whether the policy is written for a period of less than 6 months or a period of 6 months or more.” Id. at 848.
A motion for Summary Judgment is proper if the pleadings, affidavits, etc. show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966. If the mover produces convincing proof by affidavits and other receivable evidence of fact upon which the motion is based, and no countervailing evidence is offered by the opposing party, the conclusion may justify that there is no dispute as to the material facts so proved. Waddell v. Bickham, 431 So.2d 59 (La.App. 1st Cir.1983).
After considering the pleadings, portions of Mr. Thomas’ deposition and other evidence submitted on American Bankers’ motion, we find there are no disputed issues of fact which should preclude a summary judgment on the issue. There is no question that the Thomases did not comply with the terms of the insurance contract regarding renewal of the American Bankers’ policy and that they never intended to renew or renewed the policy. For this reason, we find the trial judge erred in denying American Bankers’ motion for summary judgment.
Accordingly, the judgment of the trial court in favor of the Thomases and against American Bankers is hereby reversed. We render judgment in favor of American Bankers, granting its motion for summary judgment and dismissing the suit against it.

REVERSED AND RENDERED.

LOBRANO and ARMSTRONG, JJ., dissent.