435 So.2d 571 (1983)
Richard Dwain FOSTER, Plaintiff-Appellee,
v.
AMERICAN DEPOSIT INSURANCE CO. et al., Defendant-Appellant.
No. 83-134.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
*572 Richard B. Nevils, Baton Rouge, for plaintiff-appellant.
Roy & Hattan, L. Lane Roy, Lafayette, for defendant-appellee.
Dee D. Drell, of Gold, Little, Simon, Weems & Bruser, Alexandria, for third party-appellee.
C. Edward Karst, Alexandria, for plaintiff-appellee.
Before STOKER, DOUCET and KNOLL, JJ.
KNOLL, Judge.
This case involves the question of insurance coverage. The focal issue is whether the plaintiff, Richard Dwain Foster, was covered by an American Deposit Insurance Company automobile insurance policy which had been allegedly cancelled by Patterson Insurance Agency.
Plaintiff purchased a 1977 Pontiac automobile on April 10, 1981 from Service Chevrolet, Inc. in Lafayette, Louisiana. As part of the financing agreement with G.M.A.C. plaintiff was required to obtain physical damage insurance and provide a receipt for payment of the auto insurance covering a minimum period of three (3) months. On the date of the auto purchase the plaintiff went to the Barnett Insurance Agency for the purpose of acquiring the necessary auto insurance.
*573 Although the purchase of the policy was arranged by Barnett, Patterson was the actual seller. By means of a telephone conversation Patterson advised Barnett of the placement of the insurance with American and also quoted the amount of premium which had to be collected. Plaintiff paid Barnett $316.93 and was given a receipt which reads as follows:
 "Date 4-10 1981
Received from Richard Dwain Foster Dollars $316.93
In re: Auto Ins. 3 months paid up
 American Deposit
 James Barnett & Associates
 By D. Langneaux 
 THANK YOU
Policy effective 4-10-81/4-10-82 Bal. was financed."
For the balance of the insurance costs plaintiff executed a premium finance contract with Premium Service Plan, Inc. of Bossier City, Louisiana which provided for his first monthly installment to become due on May 10, 1981.
On June 24, 1981 plaintiff received in the mail a notice from Patterson Insurance Agency advising him that his policy would be cancelled effective June 25, 1981 because he had failed to pay his June premium. Even though this notice was mailed on June 15, 1981, because of his employment schedule offshore, plaintiff did not actually have knowledge of the impending cancellation until June 24, 1981.
In response to this cancellation notice plaintiff testified that he went to the Barnett Agency on June 25, 1981 where he was advised to return to the agency on the following Monday to straighten out the matter and that he would have insurance coverage until that time.
On Sunday plaintiff was involved in an accident in Alexandria, Louisiana which totally destroyed his automobile.
After American refused to make payment to G.M.A.C. as loss payee under the insurance policy, G.M.A.C. seized the plaintiff's wrecked vehicle and obtained judgment against Richard Dwain Foster.
Subsequent to G.M.A.C.'s judicial action plaintiff instituted this suit against James Barnett & Associates (hereafter Barnett), American Deposit Insurance Company (hereafter American), and Patterson Insurance Agency (hereafter Patterson) to recover the fair market value of his wrecked 1977 Pontiac automobile. The defendants individually answered the law suit; Barnett and Patterson each filed third party demands against each other. The trial court awarded judgment in favor of plaintiff and against American in the amount of $4,725 together with statutory penalties as provided in R.S. 22:658, and attorney's fees in the amount of $1,500. By amended judgment the trial court also dismissed the third party demands filed by Barnett and Patterson.
American has timely perfected this suspensive appeal.

CANCELLATION
When Premium Service Plan, Inc. failed to receive the June installment premium payment it notified Patterson. Patterson in turn cancelled the plaintiff's insurance in accordance with the signed premium finance contract. Pursuant to R.S. 22:636.1 Patterson properly gave plaintiff notice of cancellation.
The trial court concluded that there was considerable confusion concerning the exact date of plaintiff's next premium payment. The record reflects that Barnett originally advised plaintiff that he had ninety (90) days coverage. Later Barnett advised plaintiff that it was not necessary for him to make a premium payment in May. Then by letter dated May 25, 1981 Barnett told plaintiff, without referring to any specific date, that his "next payment [was] due on the due date in your payment book." These observations led the trial court to state:
"[T]he representations made to plaintiff by Barnett on several occasions can be reasonably held to have mislead plaintiff into believing he had coverage at the time of the accident. The prior and subsequent actions of Barnett in attempting to provide insurance for the plaintiff effectively negated any valid cancellation of the policy."
In order to negate American's valid cancellation of plaintiff's auto policy it *574 was necessary for the trial court to conclude that Barnett was American's agent. Whether a broker in a particular transaction acts as the agent of the insured or of the insurer, is a question of fact dependent on the circumstances of the case. Morris McGraw Wooden Ware Co. v. German Fire Ins. Co., 126 La. 32, 52 So. 183 (La.1910); Tiner v. Aetna Life Insurance Company, 291 So.2d 774 (La.1974).
"There is a distinction between insurance agents who are employed by an insurance company to solicit risks and effect insurance for that company, and insurance brokers, who solicit insurance from the public generally, under no employment from any special company, placing the insurance with any company selected by the insured or, failing such selection, by the broker himself. In the absence of special circumstances, an insurance broker generally is considered to be the agent of the insured in procuring a policy of insurance." Karam v. St. Paul Fire & Marine Insurance Co., 265 So.2d 821 (La. App. 3rd Cir.1972), affirmed, 281 So.2d 728 (La.1973).
In accord see: Ackel v. Mid-South Underwriters, Inc., 377 So.2d 496 (La.App. 3rd Cir.1979), writ refused, 378 So.2d 1389 (La. 1980); Trahan v. Bailey's Equipment Rentals, Inc., 383 So.2d 1072 (La.App. 3rd Cir. 1980), writs denied, 390 So.2d 1342 (La.1980) and 391 So.2d 455 (La.1980).
It is unquestioned that when plaintiff consulted Barnett about obtaining insurance coverage, Barnett was not capable of independently quoting a premium price nor could it identify the insurance company with which coverage was to be placed. In order to secure this information for plaintiff Barnett had to telephone Patterson in Bossier City, Louisiana. The insurance application does not bear the name of American Deposit Insurance Company; without specifying the name of any particular insurance company this element of information is left to be inserted at the appropriate location on the application by the person who obtains the information from Patterson. Although Barnett received plaintiff's application and accepted the down payment on the insurance premium, the facts of the case at bar may be readily distinguished from those of Tiner v. Aetna Life Insurance Co., supra. We find that the facts of this case coupled with the applicable jurisprudence establish that Barnett was not the agent of American, but rather a broker acting on behalf of plaintiff. Karam, supra.; Britten v. Payne, 381 So.2d 855 (La. App. 1st Cir.1980), writ refused, 384 So.2d 800 (La.1980).
Under LSA-C.C. Arts. 3003 and 3018 Barnett assumed a fiduciary relationship to plaintiff. Accordingly, it is answerable to him for any fault or neglect regarding the coverage of plaintiff's insurance. Britten, supra; Walker v. Fontenot, 329 So.2d 762 (La.App. 1st Cir.1976), writ denied, 332 So.2d 217 (La.1976); Board of Trustees of Phillips Memorial Methodist Church v. St. Louis Fire & Marine Insurance Company et al., 306 So.2d 777 (La.App. 4th Cir.1974).
From the commencement of his contact with Barnett it was reasonable that plaintiff believed he had insurance coverage on his vehicle for ninety (90) days. The only writing received from Barnett prior to cancellation of the insurance which even indicated the period of his coverage was the receipt and that document emphatically stated that coverage was paid up for ninety (90) days. Barnett's correspondence of May 25, 1981 made no mention to the contrary. Likewise, the trial court determined that plaintiff was told on June 25, 1981 by Barnett that his insurance coverage would remain in effect until the following Monday. Although there was contrary testimony regarding this last fact the trial court's resolution of this controversy in favor of plaintiff is supported by the record and will not be disturbed on appeal. Canter v. Koehring, 283 So.2d 716 (La.1973). Barnett's operating procedures resulted in plaintiff's loss; therefore, Barnett must shoulder the responsibility for plaintiff's loss of the automobile. LSA-C.C. Arts. 3003, 3018; Britten, supra.

BARNETT'S THIRD PARTY DEMAND
For Barnett to recover from Patterson under the third party demand Barnett *575 would have to establish that Patterson caused it to conclude that plaintiff's down payment entitled him to three (3) months paid up insurance. The record does not support this contention. Patterson's employee testified that the agency only issued insurance quotes on an annual basis. This testimony is uncontradicted. Accordingly, Barnett's third party demand against Patterson is denied.

ATTORNEY'S FEES
In accord with this opinion, Barnett was a broker acting on behalf of plaintiff. We find that LSA-R.S. 22:658 does not allow an award of attorney's fees against an agent in this type case. Britten, supra.

DECREE
For the foregoing reasons, the judgment of the trial court as it concerns American Deposit Insurance Company is reversed and set aside. Judgment is hereby recast in favor of plaintiff, Richard Dwain Foster, and against defendant, James Barnett & Associates in the sum of $4,725 with legal interest from the date of judicial demand until paid. All third party demands are denied. Costs of this appeal are assessed to Barnett.
REVERSED AND RENDERED.