595 So.2d 398 (1992)
Gordon COLE, Tutor of the minor Richard Cole; Jacqueline Marie Owens, Administrator of the Estate of her minor son, Robert Wayne Cole; and Kimberly Ann Cole King, Plaintiffs-Appellants,
v.
Peter LAVINE, Jr.; Judice Dirt Services, Inc.; Aetna Casualty & Surety Company; Southern American Insurance Company, Defendants, and
the Travelers Indemnity Company, Defendant-Appellee.
No. 90-989.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Hurlburt, Privat & Monrose, George R. Privat, Lafayette, for appellant.
Mouton & Roy, W. Alan Lilley, Lafayette, for Judice Dirt Services, Aetna Cas. & Sur. Co.
Gibbens & Blackwell, J. Louis Gibbens, New Iberia, for Travelers Indem. Co.
Preis, Kraft & Daigle, Edwin C. Preis, Jr., Lafayette, for Southern American Ins. Co.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
This uninsured motorist claim arises from an accident which occurred on May *399 27, 1985. Billy, Karon, and Richard Cole were riding on a motorcycle when a truck driven by Peter Lavine, Jr., ran over them. Billy and Karon were killed in the accident, and their son, Richard, sustained serious injuries.
Suit was filed by Gordon Cole, as tutor of the minor child Richard Cole; Jacqueline Marie Owens, as administrator of the estate of her minor son, Robert Wayne Cole, son of Billy Cole; and Kimberly Ann Cole King, daughter of Billy Cole. Named as defendants were Peter Lavine, Jr.; his employer, Judice Dirt Services, Inc.; their primary insurer, Aetna Casualty & Surety Company; their excess insurer, Southern American Insurance Company; and the UM insurer of Billy and Karon Cole, The Travelers Indemnity Company.
Plaintiffs settled all claims with defendants except the uninsured motorist claim against Travelers. Prior to trial, however, Travelers was dismissed via summary judgment. The trial judge found the UM policy which insured the Coles had lapsed prior to the accident and no coverage was in effect when the accident occurred. Plaintiffs have appealed this judgment and, finding merit to their contentions, we reverse.
Travelers filed a motion for summary judgment contending the Coles failed to respond to a policy renewal notice by paying the premium, and the UM coverage previously in effect lapsed upon expiration of the term of coverage. Therefore, when the accident occurred on May 27, 1985, Billy and Karon Cole had no UM coverage in effect. In support of its motion, Travelers submitted the deposition testimony of Robert Morris, a Travelers' employee, and affidavits from Morris and Ralph Lindahl, another Travelers' employee. In opposition, plaintiffs submitted the deposition testimony of Mark Huval, the independent insurance agent who sold the Coles the Travelers policy, and the affidavit of Charles Cole, administrator of the estate of Billy and Karon Cole.
The evidence pertained to whether Travelers complied with the provisions of La. R.S. 22:636.1 concerning the renewal of insurance coverage. Section E of the statute requires an insurer to renew a policy unless it mails timely notice of its intention not to renew. The Supreme Court, in Ray v. Associated Indemnity Corp., 373 So.2d 166 (La.1979), described the applicability of Section E as follows:
Section E requires an insurer to renew a policy unless it mails or delivers timely notice of its intention not to renew. However, the insurer is not required to renew the policy or to give notice of its intention not to renew if it "has manifested its willingness to renew." Once the company demonstrates its willingness to renew, § E no longer applies. This result obtains because the insurance company, by stating its willingness to renew the policy, gives the insured the option of continuing or terminating coverage. If the insured is silent or indicates his aversion to continued coverage, the insurance company is no longer obligated to renew the policy. For this reason, it is clear that the insurer's willingness to renew the policy is ineffective unless it is communicated to the insured, because he will be aware that the choice of continuing coverage rests solely with him only if he knows that the company is willing to renew the policy. The lower courts were incorrect to focus on the insurer's willingness to renew the policy, since the pertinent inquiry was whether this intention had been communicated to Ms. LaCour. Section E therefore applies unless the insurer manifested its willingness to renew Ms. LaCour's policy or "in case of nonpayment of premium".
373 So.2d at 168.
The issue in the case before us is whether Travelers communicated its intent to renew the Coles' policy. Such an inquiry focuses not merely on the insurer's acts of generating and mailing notice of its intent, but also on the insured's receipt of such notice. When the insurer offers prima facie proof of mailing of notice to the insured, a presumption of delivery is established, which the insured may then rebut by proof of non-delivery. Hemperly v. Aetna Casualty & Surety Co., 516 So.2d 1202 (La.App.2d Cir.1987). The inquiry is *400 essentially a factual determination, as made by the Hemperly court after trial on the merits.
The evidence presented by Travelers consisted of computer records which showed that a notice of intent to renew the Coles' policy was generated by the computer on a certain date. No evidence was offered to show that such a notice was actually mailed to the Coles and was not returned to the company, as was proved in the Hemperly case. The evidence offered by the plaintiffs consisted of more than mere denial of receipt of the insurer's notice. The testimony of Charles Cole showed that he searched the personal effects of the deceased insureds, Billy and Karon Cole, and found no offer to renew from Travelers dated 1985. Additionally, the testimony of the agent, Mark Huval, indicated that he did not receive his copy of a 1985 notice to renew, although his file does contain copies of the notices which were sent to the Coles from 1981 to 1984.
The evidence presented by both sides clearly reflects a factual dispute precluding summary judgment. Not only does Travelers' evidence fail to constitute a prima facie case of proper mailing, but the plaintiffs' denial of receipt of any communication from Travelers establishes a material issue of fact than cannot be decided by summary judgment. La.C.C.P. Art. 966; Ray, supra; Cuccia v. Allstate Insurance Co., 262 La. 545, 263 So.2d 884 (1972); Ledbetter v. Myers, 438 So.2d 700 (La.App.2d Cir.1983).
Accordingly, for the foregoing reasons, the judgment of the trial court granting Travelers' motion for summary judgment is reversed and the case is remanded to the district court for further proceedings. Costs of this appeal are cast against The Travelers Indemnity Company.
REVERSED AND REMANDED.