DOMEN GEAUX, Chief Judge.
Randy Dauzat filed this suit for insurance benefits, penalties, and attorney’s fees after he was involved in a one car accident on July 4, 1989. Dauzat was driving a 1986 Chevrolet Corvette which was damaged in the amount of $16,764.69 as a result of the accident. Dauzat’s property damage claim was denied by his comprehensive/collision insurer, Acceptance Insurance Company, because his policy had expired prior to the accident.
Dauzat filed suit against Acceptance, contending that his insurance coverage was still in effect at the time of the accident because he was not notified of its expiration. Dauzat also sued his insurance agent, Bayou State Insurance Agency, for failing to maintain appropriate coverage. After a bench trial, Bayou State was held liable for the full amount of damages and Acceptance was dismissed. Another defendant, Gem Underwriters, Inc., managing agent for Acceptance, was dismissed at the close of plaintiff’s case, and Dauzat has not appealed that dismissal. Both Dauzat and Bayou State have appealed the trial court's ruling in favor of Acceptance. Bayou State also appeals the judgment rendered against it, and Dauzat appeals the denial of penalties and attorney’s fees. We affirm in part, reverse in part, and render.
The record reveals the following facts. Dauzat purchased the Corvette in May of 1987 and obtained insurance on the vehicle from the Bayou State agency. Bayou State placed Dauzat’s liability coverage with Automotive Casualty Insurance Company and comprehensive/collision coverage with Acceptance. On the first anniversary date of the policies, Dauzat renewed and paid the annual premiums in full. The policies were renewed from May 16, 1988 through May 14, 1989. Before the policies came up for renewal a second time in May of 1989, the Bayou State agency was purchased by Automotive Casualty.
Prior to May 14,1989, the expiration date of both policies, Bayou State sent Dauzat a renewal and premium notice for his liability policy. Dauzat paid the premium and renewed his liability policy with Automotive Casualty. Also prior to the expiration date, Acceptance had offered to renew Dauzat’s comprehensive/collision coverage; however, Acceptance’s offer to renew was communicated only to Bayou State and not to the named insured, Dauzat. At no time prior to May 14 did Bayou State notify Dauzat of Acceptance’s offer to renew his comprehensive/collision coverage.
The testimony indicates that Automotive Casualty did not write property damage coverage on Corvette automobiles and had instructed its now wholly owned agent, Bayou State, not to offer such coverage to its customers. Despite Acceptance’s willingness to renew, Bayou State chose not to communicate the renewal offer to Dauzat; instead, Bayou State allegedly sent Dauzat a notice of nonrenewal of the comprehensive/collision coverage. The trial court found, however, that Dauzat never received a notice of nonrenewal from Bayou State. After his July 4, 1989 accident, Dauzat was advised by Bayou State that he had no comprehensive/collision coverage on the Corvette at the time of the accident.
The primary issue raised by these facts is whether Acceptance properly manifested its willingness to renew Dauzat’s policy. We must also consider whether Bayou State’s failure to inform Dauzat of Acceptance’s willingness to renew constitutes actionable negligence.
The facts concerning the lack of communication between Acceptance and Dauzat are not in dispute. Acceptance, acting through its agent, Gem Underwriters, sent a request for renewal form to Bayou State. Bayou State, in turn, was supposed to contact Dauzat, inform him of the request for renewal, and then advise Acceptance of Dauzat’s renewal decision. *199 Had Bayou State fulfilled its duties as intermediary, Acceptance would have had no further obligation to communicate with Bayou State or Dauzat. Because Bayou State did not pass on to Dauzat the request for renewal, Acceptance unintentionally allowed the policy to expire without compliance with La.R.S. 22:686.1 which provides in pertinent part:
D. (1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason therefor shall be given....
E. (1) No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew. This Subsection shall not apply: (a) if the insurer has manifested its willingness to renew; or (b) in case of nonpayment of premium....
The provisions of the statute require an insurer to renew a policy unless it notifies the insured of its intention not to renew. However, the insurer is not required to renew a policy or to give notice of its intention not to renew if it has “manifested its willingness to renew.” This exception to the requirements of Section E was discussed in Ray v. Associated Indemnity Cory., 373 So.2d 166 (La.1979) and Cole v. Lavine, 595 So.2d 398 (La.App.3d Cir.1992). In Ray, the Supreme Court held:
[I]t is clear that the insurer’s willingness to renew the policy is ineffective unless it is communicated to the insured, because he will be aware that the choice of continuing coverage rests solely with him only if he knows that the company is willing to renew the policy.
373 So.2d at 168.
Both Ray and Cole focused on the question of whether a premium notice was actually delivered to the insured, essentially a factual dispute. The Ray court reversed the trial court’s summary judgment in the insurer’s favor, finding that the insured’s receipt of the premium notice was an issue of material fact precluding summary judgment. Similarly, in Cole, we reversed the trial court’s summary judgment in the insurer’s favor after determining that the facts indicated there was doubt as to the insured’s receipt of a premium notice.
In the case before us, Acceptance had the ultimate responsibility to manifest its intentions to its insured. If the insured does not receive the necessary communication from the insurer, for whatever reason, then the insurer is subject to the notice of cancellation provisions of § 636.1. It is immaterial whether the lack of communication stems from the fault of the post office, as was suggested in Ray and Cole, or the fault of an insurance agent such as Bayou State. The insurer’s intent to renew must be communicated to the insured; if not, and the burden of risk is placed on the insurer, then the insurer must notify the insured prior to cancelling the coverage in compliance with § 636.1.
It is undisputed that Acceptance did not send Dauzat a notice of cancellation in accordance with the statute. Bayou State and Acceptance dispute, however, the trial court’s factual finding that Dauzat did not receive a notice of cancellation from Bayou State. Bayou State offered proof that a cancellation notice should have been mailed to Dauzat during the course of normal business operations. Dauzat and his mother testified that no such notice was received at their home. Further, a representative of Rapides Bank and Trust, which held a chattel mortgage on the Corvette, testified that the bank did not receive a notice of cancellation either. We find no error in the trial court’s factual finding that Dauzat did not receive a notice of cancellation from Bayou State.[1]
*200 Because Acceptance did not comply with its statutory obligations, we find that coverage was in effect at the time of the accident of July 4, 1989, and Acceptance is liable for Dauzat’s damages.
In reversing the trial court’s dismissal of Acceptance, we need not necessarily reverse the judgment against Bayou State. Bayou State, as an insurance broker, has a fiduciary responsibility to the insured as well as to the insurer and is therefore responsible for its fault or neglect. See La.C.C. Art. 3016, et seq.; Neustadter v. Bridges, 406 So.2d 738 (La.App. 4th Cir.1981); Thomas v. House of Toyota, 286 So.2d 504 (La.App. 1st Cir.1973). Furthermore, a broker’s duty to the insured is different from the insurer’s duty to the insured. In Glenn v. Leaman & Reynolds, Inc., 442 So.2d 1224 (La.App. 5th Cir.1983), the court described this difference as follows:
The duty of the independent broker to its client is independent of the duty of the insurance carrier to its policy holder. The insurance carrier’s duties arise out of the insurance contract and the provisions of the Louisiana Insurance Code, especially LSA-R.S. art. 22:636; whereas, the duty of the independent broker arises out of its fiduciary relationship to its client.
442 So.2d at 1226.
The trial court found that Bayou State breached its fiduciary duty to Dauzat in neglecting to keep him informed of his coverage status. We agree with this factual finding. Bayou State failed to communicate to Dauzat Acceptance’s offer to renew and failed to advise Dauzat of the cancellation of his policy. Because of Bayou State’s neglect, we have found that the cancellation of Dauzat’s policy was ineffective. Accordingly, Bayou State must share responsibility for Dauzat’s loss and we affirm the judgment rendered against it. Bayou State’s liability stems from its breach of a fiduciary duty, whereas Acceptance’s liability is based on a technical violation of a statutory obligation.
The facts in the case sub judice are distinguishable from those in Withers v. Worldwide Insurance Brokers, Inc., 500 So.2d 914 (La.App.3d Cir.1987), writ denied, 503 So.2d 483 (La.1987). In Withers, this court found coverage in spite of the actions of the broker in attempting to cancel the insured’s coverage. The policy was never effectively cancelled and the actions of the broker had no consequence. Therefore, the broker could not be held liable for the plaintiff’s damages. Conversely, in this case, our finding of coverage is a direct result of the inaction of the broker. Without Bayou State’s negligent inaction, there would be no coverage for the plaintiff’s accident.
We now consider Dauzat’s claim for penalties and attorney’s fees. La.R.S. 22:658 provides that an insurer who fails to pay a claim within 60 days (now 30 days) of proof of loss and demand shall be obligated to pay a 10% penalty and attorney’s fees, if the insurer’s failure is found to be “arbitrary, capricious and without probable cause.” Bayou State, as an insurance agent, is not subject to the provisions of this statute. See Foster v. American Deposit Insurance Co., 435 So.2d 571 (La.App.3d Cir.1983). Acceptance, however, is the insurer and is subject to the provisions of § 658. However, Acceptance believed the policy had expired by its own terms. Acceptance relied, to its detriment, on Bayou State to communicate its willingness to renew and premium quote to Dauzat. Given the facts before us, we find that Acceptance acted in good faith in reaching this conclusion. Therefore, Dauzat’s claim for penalties and attorney’s fees is denied.
For the foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part, and rendered. The judgment rendered against Bayou State is affirmed, and the judgment of dismissal in favor of Acceptance is hereby reversed. Bayou State and Acceptance are liable in solido to the plaintiff for his damages. Costs of this appeal are to be paid by Bayou State and Acceptance.
*201 AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. Regardless of the trial court’s finding on this factual dispute, the insurer’s statutory duty to inform its insured of its intention to cancel a policy is non-delegable. See Champagne v. *200 Commercial Union Insurance Co., 574 So.2d 534 (La.App.3d Cir.1991).