| iSCHOTT, Chief Judge.
These eases arose out of an accident in which a Mercury Topaz, driven by Kevin Kastner and owned by K & L Leasing Corporation, rear ended a truck driven by Michael Williams. Plaintiffs are Troy Fucei, a passenger in the Kastner automobile, Michael Williams, and Frank T. Smith owner of the truck. The defendant is the Louisiana Insurance Guaranty Association (LIGA) as successor to American Lloyds Insurance Company, Kastner’s insurer. From judgments in favor of plaintiffs, LIGA has appealed. The issue is whether it can contest coverage after American Lloyds agreed to settle the plaintiffs’ claims but failed to complete the settlements prior to its demise. We affirm but amend the judgment in favor of Fueci to correct an error in the award of interest.
LIGA contends that plaintiffs failed to prove the existence of an insurance policy covering the Topaz Kastner was driving or that K & L Leasing ever paid a premium for such insurance. LIGA refers to some of the factual findings of the trial court to support its assertions. These findings, however, are taken out of context and must be read with all of the reasons and in the light of the evidence taken at the trial.
12Robert B. Darrah, Jr., testified that he had been employed to oversee the adjustment of claims against American Lloyds and whenever a question of coverage arose the adjusters would consult with him. He was familiar with this particular accident, coverage had been confirmed, and settlement checks had been drafted when the company’s assets were frozen. The coverage issue did not arise until after LIGA confiscated the files of American Lloyds.
Darrah stated that American Lloyds issued a policy to K & L covering all vehicles leased by them and while he could not locate a specific endorsement pertaining to the Topaz there would have to be one. There was no doubt in his mind as to coverage in this case. Furthermore, the fact that Kastner produced a card at the time of the accident showing proof of insurance by American Lloyds made the existence of a policy a probability.
Finally, Darrah testified that a check had been issued to Smith for property damage in the amount of $927 and a letter had been sent to Williams’ attorney asking for documentation and a meeting to discuss settlement of his claim. These events would not have occurred without confirmation of coverage.
*533 Troy Fucci and his attorney testified that a final settlement of his claim for $5,200 was negotiated with and agreed to by American Lloyds but the money was not received. They were told by Darrah that the American Lloyds’ account was frozen.
There was also a passenger in the truck driven by Williams and owned by Smith. This was Gary Kinnard who filed a suit against American Lloyds and later settled with LIGA for $1,000.
In the light of the foregoing evidence, these cases are controlled by Lastie v. Warden, 611 So.2d 721 (La.App. 4th Cir.1992), in which this court held that LIGA steps into the shoes of the defunct insurer which ae-knowledged 13coverage and settled claims pri- or to its demise and is precluded from raising the coverage question thereafter. Consequently, the judgments of the trial court in favor of these plaintiffs are correct except in one respect.
Plaintiff Fucci answered the appeal to correct an error in the judgment in his favor awarding legal interest from date of judgment instead of judicial demand. He is entitled to this amendment.
Accordingly, the judgments appealed from are affirmed in all respects except that the judgment in favor of Troy Fucci is amended to award interest from judicial demand until paid.

AFFIRMED AS AMENDED.