GUIDRY, J.,
dissenting.
1TA motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Both Latiolais and TRSL rely on circumstantial evidence[1] to support their opposing positions concerning whether a retirement affidavit was provided to Coady. Furthermore, the evidence, as presented, is conflicting. See Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, p. 18 (La.2/29/00), 755 So.2d *958 226, 236-237 (wherein the Court held that it could not conclude that the scintilla of circumstantial evidence presented by the party opposing the motion for summary judgment to support its position was insufficient to allow a reasonable juror to conclude that the opposing party’s position was more likely than not true.)
A genuine issue is a triable issue. More precisely, an issue is genuine if [¿reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Smith v. Our Lady of the Lake Hospital Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751; Dunaway v. Louisiana Wildlife and Fisheries Commission, 08-1494, p. 4 (La.App. 1st Cir.2/13/09), 6 So.3d 228, 231-232.
In Cole v. Lavine, 595 So.2d 398 (La.App. 3d Cir.1992), a similar factual issue was presented in an action in which the plaintiff alleged that because the insurer failed to provide the required statutory notice communicating its intent to renew, the insurer was precluded from asserting that the policy at issue was not in effect at the time of the accident sued upon. Like the TRSL in the matter before us, the insurer was unable to produce actual proof that it mailed the notice of intent to renew, but instead submitted computer records which showed that a notice of intent to renew the insureds’ policy was generated by the computer on a certain date. In opposition to this evidence, the plaintiff submitted the affidavit of the administrator of the estate of the deceased insureds in which the administrator stated that he had searched the personal effects of the deceased insureds and found no offer to renew from the insured. The court held that because the evidence was conflicting as to whether the notice was sent, a genuine issue of material fact existed regarding the mailing of the notice and therefore summary judgment could not be granted. Cole, 595 So.2d at 400; Cf. Jacobs v. Louisiana Indemnity Insurance Company, 96-1203 (La.App. 3d Cir.3/12/97), 692 So.2d 1182, writ denied, 97-0958 (La.5/16/97), 693 So.2d 802 (where the court held that on a trial on the ments, the evidence presented by the insurer of its standard procedures for mailing of the notice was sufficient to prove that the notice was mailed and therefore the insurer was held to have complied with the statutory requirements of |ssending notice of cancellation, despite the failure to produce evidence of actual mailing and the insured’s denial that he had received such notice).
As the circumstantial evidence submitted by Latiolais that Coady never received a retirement affidavit from TRSL (Latio-lais’s affidavit and excerpts of Forbes’ deposition) conflicts in a material respect with the circumstantial evidence submitted by TRSL (Forbes’s entire deposition and Mazie’s affidavit), the majority, like the trial court, had to improperly weigh and evaluate the evidence presented to reach the conclusion that TRSL did not provide Coady with a retirement affidavit. As the fact of whether TRSL provided Coady with a retirement affidavit is highly disputed, a determination of this factual issue should be reserved for a trial on the merits, and to the extent the majority opinion affirms the trial court’s resolution of this issue by summary judgment, I respectfully dissent.

. Circumstantial or indirect evidence is evidence that, if believed, proves a fact and from that fact you may logically and reasonably conclude that another fact exists. Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, p. 18 n. 6 (La.2/29/00), 755 So.2d 226, 236 n. 6.