DUFRESNE, Judge.
This action arises from a personal injury suit filed by Rebecca Morill against the defendant, Government Employees Insurance Company (GEICO) as Morill’s uninsured motorist carrier. GEICO filed a cross-claim against Old Hickory alleging it was the liability insurer of defendant, Edmond J. Blanco.
Subsequently, Old Hickory filed a Motion for Summary Judgment contending that it did not insure Blanco on the date of the alleged accident June 1, 1985. However, they did admit to insuring Blanco between April 24, 1984, and April 24, 1985.
After hearing argument of counsel the trial court granted Old Hickory’s Motion for Summary Judgment, dismissing GEI-CO’s cross-claim. From this judgment GEICO has appealed asserting that such ruling was against the law and evidence presented.
Old Hickory’s argument in favor of its summary judgment focuses on the “notice of intent to renew” mailed to Blanco on February 28, 1985, prior to the expiration of his policy. Further, that no other policy was later issued to Blanco by Old Hickory. As a result the issue has become one of due notice.
The provisions for cancellation of an automobile policy by an insurer are given in LSA-R.S. 22:636.1 Section E, which establishes the method by which an insurer may cancel its policy. It provides in pertinent part that:
“No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in *264 the policy, at least twenty days advance notice of its intention not to renew. This subsection shall not apply: (1) if the insurer has manifested its willingness to renew;”
Section F of this statute sets out the means by which to establish notice to the insured, to wit:
“Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.”
GEICO argues that a plain and ordinary reading of the above sections of R.S. 22:636.1, clearly reflects that Section E does not apply in cases where an insurer (Old Hickory) has manifested its willingness to renew a policy by sending its insured (Blanco) a “notice of intent to renew”.
Furthermore, GEICO contends that Section F specifies only three situations where proof of mailing by the insurer is sufficient to prove its insured received a notice. Namely, when the insurer mails either (1) notice of cancellation; (2) notice of intent not to renew; or (3) notice of reason for cancellation. GEICO, asserts that a “notice of intent to renew” is neither addressed nor covered by Section F, and in fact, the statute itself is void of any provision for an insurer to prove its insured received such a notice.
Thus, the issue before us is whether Old Hickory sufficiently proved that its insured, Blanco, received the “notice of intent to renew” and whether such notice is applicable to the aforesaid statute.
Carefully examining subsection E of R.S. 22:636.1, we concluded that if the insurance company has clearly manifested its willingness to renew a policy of insurance, and the insured fails to timely avail himself of the opportunity within the time period allowed, the insurance policy will lapse at the termination of said period. Furthermore, under subsection F of this statute, it provides that certain notices which are mailed to the insured are presumed to have been delivered when properly stamped, addressed and deposited with the United States post office.
The record reflects that Old Hickory placed into evidence the appropriate affidavit and supporting documentation substantiating its Motion for Summary Judgment. Thus, Old Hickory shifted the burden to GEICO to prove that the notice was not received by Blanco. Rosenburg v. Carr, 422 So.2d 526 (La.App. 5th Cir.1982); Ottermann v. Ganus, 455 So.2d 1385 (La.1984).
The record fails to reflect any opposing affidavits, depositions or other documentation establishing a genuine question of fact relative to the receipt of the required notice.
Old Hickory has complied with the statute and basically Blanco did not avail himself of the opportunity to renew his policy nor was any evidence presented to indicate he did not receive notice from Old Hickory.
Accordingly, we find no genuine issue of material fact and the trial court’s judgment granting the motion for summary judgment is affirmed.
AFFIRMED.