LOBRANO, Judge.
This is an appeal from the granting of a summary judgment in favor of one of the defendants, Champion Insurance Company (hereinafter Champion) and against the plaintiff, Ingelica Green, individually and on behalf of her minor son Kenyatta Green and her deceased son, Lawrence Green.
Green sued Frank McCollum and Champion for damages arising out of an automobile accident. The petition alleges that McCollum was driving his car when he lost control, veered onto a city sidewalk, and struck and killed Lawrence Green and seriously injured Kenyatta Green. The accident occurred on July 6, 1986.
Green avers that McCollum had an automobile insurance policy with Champion which covered liability at the time of the accident.
Champion moved for summary judgment claiming that the policy issued to McCollum expired on its own terms on July 1, 1986. The policy had been issued for one year, i.e. July 1, 1985 thru July 1, 1986.
The trial court granted Champion’s motion for summary judgment.
Green appeals. Her sole argument is that Champion gave no notice of cancellation prior to the accident as required by R.S. 22:636.1. In brief Green argues:
“La. R.S. 22:636.1 states in part that no notice of cancellation of an automobile liability insurance policy shall be effective unless mailed or delivered by the insurer to the named insured at least twenty (20) days prior to the effective date of cancellation; provided, however, that where cancellation is for non-payment of premium at least ten (10) days notice of cancellation accompanied by the reason therefore shall be given.”
This argument is a restatement of Section D(l) of R.S. 22:636.1 which also provides, “[t]his Subsection shall not apply to nonrenewal.”
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, show there is *9 no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966, Gonsalves v. Dixon, 487 So.2d 644, 645 (La.App. 4th Cir.1986).
Champion submitted an affidavit which indicated that on July 1, 1985, McCollum purchased an insurance policy which expired on July 1, 1986. On May 12, 1986, a renewal notice was mailed to McCollum. McCollum purchased a new insurance policy on July 21, 1986 which expired on July 21, 1987. Champion submitted copies of the policies and a copy of the renewal notice.
Champion argues that because the policy expired on its own terms, no notice of cancellation was required. Champion relies on the following language of Arcenaux v. Broussard, 319 So.2d 846, 848 (La.App. 1st Cir.1975), in which coverage under a three month automobile insurance policy, which was not renewed timely, was considered.
“There is no reason for the insurer to comply with the provisions of a cancellation statute if the policy is not being cancelled. Cancellation implies that a policy is being disrupted for some reason, and terminated prior to its anticipated termination date. When a policy expires from the running of its term, it is not being disrupted, but instead it is dying a natural death. When an insured purchases an insurance policy, he is or should be aware of the term of that policy. He has no right to expect that that policy will continue on in effect until he decides to pay another premium. He has no right to get something for nothing, and this is true no matter whether the policy is written for a period of less than six months or a period of six months or more.”
In the present matter, Champion did send a renewal notice in accordance with R.S. 22:636.1(E) on May 12, 1986, more than twenty days prior to July 1, 1986, the policy’s expiration date. Green’s argument that Champion failed to send a cancellation notice to McCollum is without merit since no such notice is required in renewal situations. The policy was not cancelled, it expired by its own terms.
Summary judgment is appropriate. As a matter of law, Champion provided no automobile liability insurance coverage on July 6, 1986, the date of the accident.
The trial court’s granting of summary judgment dismissing Green’s claims is affirmed.
AFFIRMED.