WALTER J. ROTHSCHILD, Judge.
| ¡>This case arises from a motor vehicle accident that occurred on February 20, 1999. Plaintiff, Audie Dominique, Jr., asserts that he was a passenger in a vehicle owned and operated by Shanna Warren and they were traveling on LA Hwy. 45, commonly referred to as Barataría Blvd., when the vehicle in which they were riding was struck by a vehicle owned and operated by Anielka Rodriguez. On November 19, 1999, plaintiff filed suit against Ms. Rodriguez and Allstate Insurance Company (“Allstate”), alleging that Ms. Rodriguez was solely at fault for the accident and that Allstate was Ms. Rodriguez’s liability insurer at the time of the accident.
On January 12, 2000, plaintiff amended his petition and added Shanna Warren and her liability insurer, National Automotive Insurance Company (“National”), as defendants. On February 15, 2000, Ms. Warren filed a cross-claim against Ms. Rodriguez and Allstate for property damage resulting from the ^accident. Plaintiffs claims against Ms. Warren and National were dismissed on January 9, 2001, and his claims against Ms. Rodriguez personally were dismissed on January 9, 2004. At trial, Ms. Warren dismissed her cross-claim against Ms. Rodriguez personally.
On October 24, 2003, Allstate filed a Motion for Summary Judgment, arguing that there was no policy of liability insurance issued by Allstate in favor of Ms. Rodriguez in effect on the date of the accident and thus, plaintiffs claims against it should be dismissed. At a hearing on May 4, 2004, this motion was denied.
The matter proceeded to trial on March 18, 2005 with Allstate as the only remaining defendant. On April 26, 2005, the trial judge issued a judgment in favor of Mr. Dominique and against Allstate, finding that there was a policy of insurance in effect for Ms. Rodriguez at the time of the accident. The judgment awarded $12,467.29 in damages to Mr. Dominique and $600 to Ms. Warren. Allstate filed a Motion for New Trial on May 2, 2005, which was subsequently denied. Allstate appeals.

DISCUSSION

On appeal, Allstate argues that the trial judge erred “when it ruled that Allstate failed to prove that it timely canceled the policy effective from August 4, 1998 to February 4, 1999 and that therefore Allstate Indemnity Company provided coverage for the February 20, 1999 motor vehicle accident.” Allstate asserts that it offered to renew Ms. Rodriguez’s policy, but she failed to timely pay her premium. Allstate also contends that it was not necessary for Allstate to cancel the policy because it expired on its own terms.
At trial, Carrell Devillier, an Allstate insurance agent, testified that Ms. Rodriguez purchased Lability insurance from Allstate Indemnity Company with a |4six-month term, effective August 4, 1998 through February 4, 1999. He stated that at the end of the term, he contacted Ms. Rodriguez about renewal and she told him that she would not be renewing her policy with Allstate because it was too expensive.
Thomas Burlette, an Allstate insurance agent who worked with Mr. Devillier, testified that Ms. Rodriguez came to their office on February 22, 1999, stating that she *65 wanted to make a payment on her policy and that she had been in an accident two days earlier. Mr. Burlette stated that he pulled her file and noticed that her policy had expired on February 4,' 1999. He testified that Ms. Rodriguez admitted that she told Mr. Devillier that she did not want to renew her policy, but she stated that she had changed her mind. According to Mr. Burlette, Ms. Rodriguez’s policy could not be renewed because it was not reinstated within seven days of its expiration. Ms. Rodriguez completed a new application and purchased a new insurance policy.
Ms. Rodriguez testified that she believed she had insurance on the date of the accident. She indicated that she received a renewal letter/statement from Allstate and mailed her renewal payment on February 2, 1999 to Allstate’s payment center in Dallas, Texas. She testified that in March 1999, the envelope with her payment was returned to her by the postal service with a notation indicating “insufficient address.” She asserted that she did not speak with Mr. Devillier about renewal of the policy and she never indicated to him that she did not want to renew it. She testified that she did not know that her renewal payment had not been posted until she called to report the accident. She further indicated that she filed for bankruptcy and thus, would not be liable for any damages resulting from this accident.
In his reasons for judgment, the trial judge stated:
1 sThe Court found that there was a policy in effect at the time of the accident. The Court finds that according to the policy Allstate could cancel the policy for non-payment of the premium. However, the date of cancellation would be at least ten (10) days after the date of mailing the notice of cancellation.
The Court further finds that the Allstate agent copied the wrong address on his insured’s paper work. The agent sent the notice of cancellation to the wrong address. The agent presented the letter at Trial with the wrong address and not dated. The agent further testified that on the last day of the policy he called the insured to see if she was going to pay to continue the policy in effect. The Allstate agent states that the insured wanted to cancel the policy. This was denied by the insured. The Court does not believe the Allstate agent.
Considering the testimony and evidence before us, we find the trial court’s reasoning and analysis to be flawed.
First, we find that the cancellation provisions set forth in the Allstate policy and LSA-R.S. 22:636.1 do not apply in this case. It is undisputed that Ms. Rodriguez purchased a policy of Allstate insurance for the period of August 4, 1998 through February 4, 1999. There is no evidence that Allstate attempted to cancel this policy prior to its expiration on February 4, 1999. In Arcenaux v. Broussard, 319 So.2d 846, 848 (La.App. 1 Cir.1975), the First Circuit stated:
There is no reason for the insurer to comply with the provisions of a cancellation statute if the policy is not being canceled. Cancellation implies that a policy is being disrupted for some reason, and terminated prior to its anticipated termination date. When a policy expires from the running of its term, it is not being disrupted, but instead it is dying a natural death.
See also Green v. McCollum, 535 So.2d 8 (La.App. 4 Cir.1988), writ denied, 536 So.2d 1222 (La.1989).
Renewal is defined in LSA-R.S. 22:636.1 A(5) as the “issuance and delivery *66 by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term.” When a policy expires from the running of its term and is not disrupted, the | fistatutory provisions regarding renewal are applicable, rather than the cancellation provisions. Adamson v. State Farm Mutual Auto. Ins. Co., 95-2450 (La.App. 1 Cir. 6/28/96), 676 So.2d 227, 282.
It is clear that the instant case involves the renewal of an insurance policy, not cancellation, because there is no evidence that the policy was disrupted or terminated prior to its anticipated termination date, February 4,1999.
LSA-R.S. 22:636.1(E) provides in pertinent part:
No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew. This Subsection shall not apply: a) If the insurer has manifested its willingness to renew.
If the insurance company has clearly manifested its willingness to renew an insurance policy and the insured does not avail himself of the opportunity within the time period allowed, the insurance policy will lapse at the termination of the period. Morill v. K & M Services, Inc., 524 So.2d 263, 264 (La.App. 5 Cir.1988). The insurer is not required to renew a policy or to give notice of its intention not to renew if it “has manifested its willingness to renew.” Jacobs v. Louisiana Indemnity Ins. Co., 96-1203 (La.App. 3 Cir. 3/12/97), 692 So.2d 1182, 1185, unit denied, 97-958 (La.5/16/97), 693 So.2d 802. By stating its willingness to renew á policy, the insurer gives the insured the option of continuing or terminating coverage and, if the insured is silent, the insurer is no longer obligated to renew the policy. Id.
The trial judge found that the Allstate agent copied the wrong address on Ms. Rodriguez’s paperwork and sent the notice of cancellation to the wrong address. It is true that the evidence indicates that Mr. Devillier incorrectly listed Ms. Rodriguez’s address as West Pork Court, instead of West Park Court. However, as stated above, no notice of cancellation was required in this case, |7because it was not being terminated prior to its expiration date. Further, Ms. Rodriguez admits that she received a renewal letter/statement, despite the fact that it was improperly addressed. Ms. Rodriguez testified that after she received a renewal statement, she mailed her renewal payment on February 2, 1999, but she received her payment back in the mail with a notation from the postal service of “insufficient address.” She admitted that she wrote the address on the envelope herself, but it was not the right address.
Allstate has shown that it manifested its willingness to renew Ms. Rodriguez’s policy. Accordingly, the provisions of LSA-R.S. 22:636.1(E) requiring notice to an insured that an insurer does not intend to renew a policy do not apply.
The Allstate policy contains the following provision:
If we offer to renew your policy and your required premium payment isn’t received on or before the end of the then current policy period, your policy will terminate on the expiration date of the then current policy period. (Emphasis added.)
Allstate manifested its willingness to renew Ms. Rodriguez’s policy, but the evidence reflects that it did not receive the *67 renewal premium on or before the end of the policy period. Accordingly, Ms. Rodriguez’s policy expired at the end of its term, February 4,1999.
After a thorough review of the testimony and evidence in this case, we find that Allstate has established that Ms. Rodriguez’s Allstate insurance policy was not in effect on the date of the accident, February 20,1999. Accordingly, the trial court’s judgment against Allstate, finding it liable to the plaintiffs in this matter, is reversed.
|sDue to our ruling on the first issue on appeal, Allstate’s second assignment of error regarding whether or not it is responsible for damages awarded in excess of its policy limits is moot.

DECREE

For the reasons set forth above, the April 26, 2005 judgment in favor of plaintiffs and against Allstate is reversed.

REVERSED.