MOORE, J.
| ,Daniel Lockwood appeals a summary judgment that dismissed his auto liability claim against American International Insurance Company (“AIIC”). For the reasons expressed, we affirm.

Factual and Procedural Background

Shortly before 1 a.m. on November 29, 2009, Lockwood was riding as a passenger in a Chevy Impala driven by 17-year-old Korey Albritton and owned by Korey’s mother, Debra Albritton. Korey lost control, ran off the road and crashed in a ditch, badly injuring Lockwood. Since Ko-rey was a minor, Lockwood filed this suit against his divorced parents, Debra and Scott Albritton, who had joint custody of Korey, and against Debra’s liability carrier, Allstate. Allstate ultimately settled for policy limits and was, with Debra, dismissed.
Through discovery, Lockwood learned that Korey’s father, Scott, had an auto policy with AIIC, which he joined as defendant. AIIC immediately answered that Scott’s policy had expired at 12:01 on November 29, 2009, less than an hour before the accident occurred, because Scott had failed to pay his renewal premium.
AIIC moved for summary judgment on this basis. It argued, in essence, that the statutory rules for expiration of a policy, and not for cancellation, applied. In support, it attached the affidavit of its regulatory analyst, Michael Alexander, stating that AIIC had issued Scott a policy for the period May 29 to November 29, 2009, but that the last monthly premium payment ever received from him, an EFT on August 28, 2009, was denied for insufficient funds, and the company never received any further payment |2despite monthly premium notices. Nevertheless, AIIC had tendered Scott a' renewal offer on September 30, 2009, to activate coverage for the period November 29, 2009, to May 29, 2010, even though his current premium was unpaid; the company also sent him an invoice on December 3, 2009, advising that coverage had expired, but offering to reinstate coverage retroactively if he would send the stated premium by December 22. However, AIIC never received any payment or response, so in the company’s view, Scott failed to renew his policy and had no coverage for the accident. AIIC also attached a copy of Scott’s automobile policy.
Lockwood filed a cross-motion for partial summary judgment, conceding that AIIC complied with the nonrenewal provisions of Title 22, but arguing that because it issued a new policy, it then had to comply with the cancellation provisions, which it failed to do. In support, he attached the affidavit of a private investigator in Baton Rouge, Thomas J. Cashio, who stated that he searched the records of OMV and found a certificate issued by AIIC to Scott for a policy effective November 29, 2009; he called this “an apparent renewal of the same policy which had expired[.]” Attached to the affidavit was an uncertified copy of the OMV insurance record.
AIIC objected that the affidavit did not show sufficient personal knowledge and the insurance record was uncertified; hence they could not be considered under La. C.C.P. art. 967.
After a hearing in November 2011, the district court denied both sides’ motions for summary judgment.
*933 |sIn April 2012, AIIC re-urged its motion, this time attaching the deposition of its compliance director, Jeannie McLar-non. She testified that she signed a certification of “the renewal offer” made by AIIC to Scott for the period November 29, 2009, to May 29, 2010, but that it would take effect only if Scott complied with it. She admitted not knowing anything about OMV’s reporting requirements. AIIC argued that her use of the word “effective” was purely conditional, if Scott paid the premium; he did not, so there was no policy.
After a hearing in May 2012, the district court granted AIIC’s motion and denied Lockwood’s. Lockwood now appeals.

Discussion

By two assignments of error, Lockwood urges the district court erred in granting AIIC’s motion for summary judgment and denying his own. He frames the issue as whether “this insurer can rely on compliance with nonrenewal provisions after actually renewing the policy or, rather, would it then have to comply with cancellation provisions.” He contends that AIIC (1) actually issued and delivered a renewal policy to Scott, (2) reported to the state that it had done so, and (3) sent Scott proof of insurance cards. In short, AIIC did “everything required to renew the policy” and cannot now argue that it was not renewed. Thus AIIC was required to cancel the policy, but it did not follow the cancellation procedure, particularly the 10-day notice to cancel a binder required by La. R.S. 22:1266 D(l). Payne v. Old Hickory Ins. Co., 532 So.2d 956 (La.App. 5 Cir.1988), writ denied, 536 So.2d 1241 (1989); Henderson v. GEICO Gen’l Ins. Co., 36,696 (La.App. 2 Cir. 1/29/03), 837 So.2d 736; Taylor v. MFA Mutual Ins. Co., 322 So.2d 842 (La.App. 2 Cir.1975), aff'd, 334 So.2d 402 (1976). He concludes that this court should reverse the judgment and render partial summary judgment declaring coverage under AIIC’s policy.
AIIC responds that it only offered to renew the policy but Scott never accepted the offer. Citing the “Automatic Termination” clause of the policy, it argues that after 12:01 a.m. on November 29, 2009, there was no policy to cancel. When a policy expires from the running of its term, the statutory requirements for cancellation do not apply. Dominique v. Rodriguez, 06-578 (La.App. 5 Cir. 11/28/06), 947 So.2d 63. Issuing provisional ID cards in such circumstances does not constitute a renewal of the policy. Adamson v. State Farm, 95-2450 (La.App. 1 Cir. 6/28/96), 676 So.2d 227. AIIC also argues that all the cases cited by Lockwood involved true cancellations, not nonrenewals, and do not apply. Finally, AIIC argues that Cashio’s affidavit did not evidence any personal knowledge of how the OMV record was created, and the document itself is uncerti-fied; without these items, Lockwood has no admissible summary judgment evidence to rebut AIIC’s showing. It concludes the judgment should be affirmed.
Cancellation of an automobile policy is regulated by La. R.S. 22:1266, which provides in pertinent part, with emphasis added:
B. (1) A notice of cancellation of a policy shall be effective only if it is based on one or more of the following reasons:
(a) Nonpayment of premium.
[[Image here]]
|fi(2) This Subsection shall not apply to nonrenewal or to any policy or coverage which has been in effect less than sixty days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy. * * *
[[Image here]]
*934 D. (1) No notice of cancellation of a policy to which Subsection B or C of this Section applies shall be effective unless mailed by certified mail or delivered by the insurer to the named insured at least thirty days prior to the effective date of cancellation; however, when cancellation is for nonpayment of premium at least ten days notice of cancellation accompanied by the reason shall be given. * * * This Subsection shall not apply to nonrenewal.
The emphasized and repeated passage, “This Subsection shall not apply to nonre-newal,” makes it clear that the provisions for cancellation, especially the 10-day notice with reasons for cancellation, do not apply to renewal of a policy. Adamson v. State Farm, supra. When a policy expires from the running of its term, it is not being disrupted but rather is “dying a natural death.” Id.; Green v. McCollum, 535 So.2d 8, 9 (La.App. 4 Cir.1988), writ denied, 536 So.2d 1222 (1989).
The nonrenewal of an automobile policy is regulated by another portion of R.S. 22:1266, which provides:
E. (1) No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least twenty days advance notice of its intention not to renew. This Subsection shall not apply:
(a) If the insurer has manifested its willingness to renew.
(b) In case of nonpayment of premium; however, notwithstanding the failure of an insurer to comply with this Subsection, the policy shall terminate on the effective date of any other insurance policy with respect to any automobile designated in both policies.
| «(c) If the insurer or a company within the same group as the insurer has offered to issue a renewal policy to the named insured.
(d) If the named insured has provided written notification to the insurer of the insured’s intention not to renew the policy-
Subsection E makes clear that an insured is presumed to know the term of the insurance policy and has no right to expect that the policy will continue in effect until he decides to pay another premium. Adamson v. State Farm, supra; Green v. McCollum, supra.
The summary judgment evidence shows that AIIC tendered a renewal offer on September 30, 2009; if Scott never paid the renewal premium, no further notice was required, under R.S. 22:1266 E(l)(b). No record evidence contradicts Mr. Alexander’s statement in deposition that Scott never paid the renewal premium. Moreover, the record also shows that after the policy expired, AIIC offered to reinstate the lapsed policy upon payment of the stated premium. Again, the record contains nothing to show that Scott utilized this second offer. The record fully supports the district court’s finding that the AIIC policy expired before this accident occurred.
Lockwood argues that contrary to this showing, AIIC actually renewed the policy by issuing and delivering a copy of it to Scott, by reporting to the state that it had done so, and by sending Scott proof of insurance cards. The record, however, does not support Lockwood’s interpretation of AIIC’s actions. Scott’s automobile policy contains the following “Automatic Termination” clause:
If we offer to renew or continue your policy and you or your representative do not accept by making timely payment of |7the premium due, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation *935 premium when due shall mean that you have not accepted our offer.
The renewal notice stated, “Effective Date of Change: 11/29/09,” and “We look forward to continuing your automobile coverage at this renewal.” The billing invoice stated, “This is your renewal bill” and “Please note: the payment must be received by 12:01 am (one minute after midnight) Standard Time on the Payment due date to avoid cancellation.” By plain reading, these documents mean that the renewal policy would be issued only if Scott paid the premium. Ms. McLarnon confirmed that the policy would be in effect for the next six months “had the offer been completed.” In the absence of evidence that Scott ever made a renewal payment (in fact, he was in arrears for the policy that ended on November 29, 2009), we cannot find that AIIC renewed the policy.
The fact that AIIC may have issued provisional ID cards to Scott does not alter the fact that he failed to renew the policy and that no coverage existed after 12:01 a.m. on November 29. Adamson v. State Farm, supra. Further, we cannot consider the allegation that AIIC may have provisionally notified OMV of a renewal, perhaps for the convenience of the insured. Supporting and opposing affidavits must be “made on personal knowledge” and all papers or parts thereof referred to in the affidavit must have “sworn or certified copies attached.” La. C.C.P. art. 967 A. The affidavit of the private investigator did not establish personal knowledge of OMV’s reporting practices and thus was not admissible. Shelter Ins. Co. v. Broan-Nutone LLC, 39,625 (La.App. 2 Cir. 5/11/05), 902 So.2d 1146, writ hdenied, 2005-1488 (La.12/16/05), 917 So.2d 1112. The “insurance record” was neither certified nor verified by a person who could authenticate it, and was thus inadmissible. Cheatham v. Luberski Inc., 43,603 (La.App. 2 Cir. 9/17/08), 996 So.2d 373; Person v. 2434 St. Charles Ave. Condominium Ass’n, 2011-1097 (La.App. 4 Cir. 3/7/12), 88 So.3d 679. Even taken at face value, the insurance record shows that the renewed policy “expires 00/00/0000,” a date obviously inconsistent with the six-month renewal offer. The district court did not err in finding that the AIIC policy expired before the accident occurred.

Conclusion

For the reasons expressed, the judgment is affirmed. All costs are to be paid by the plaintiff, Daniel Dillon Lockwood.
AFFIRMED.